WM. JOHNSTON *v.* J. E. RANKIN and others, Commissioners, &c.

Although there is no clause in the Constitution of North Carolina which expressly prohibits private property from being taken for public use without compensation; and although the clause to that effect in the Constitution of the United States applies only to acts by the United States, and not to the governments of the States, yet the principle is so ground in natural equity, that it has never been denied to be a part of the law of North Carolina. *State* v. *Newsom*, 5 Ired. 50; *Davis* v. *The R. & G. Railroad Co.*, 2 Dev. and Bat. 451; *State* v. *Glenn*, 7 Jones, 321; *Cornelius* v. *Glenn*, Ib. 512

The Act of 1863, Private Acts, chap. 47, authorizing the Commissioners of the town of Asheville to extend the streets, &c., is not unconstitutional because of the manner therein prescribed, providing compensation to the owners of the land taken or injured by extending such streets.

A plaintiff, whose land has been taken by the Commissioners of a town for public use, waives all irregularities in the proceedings condemning such land, when he appeals from the assessment of damages by the persons appointed to assess them.

Such appeal from the assessment of damages, carries up no other question than the amount of the compensation which the plaintiff may be entitled to; and the Commissioners are not guilty of a trespass in proceeding with their improvements pending the appeal.

CIVIL ACTION, motion to dissolve a restraining order, heard by *Cloud, J.*, at the Fall Term, 1873, of TRANSYLVANIA Superior Court.

JOHNSTON v. RANKIN et al., Commissioners, &c

The facts pertinent to the points decided are fully stated in the opinion of the Court.

From the judgment of the Court below, continuing the injunction to the hearing, the defendants appealed.

*J. H. Merrimon*, for appellants, submitted :

This was an application for an injunction to suspend the ordinary business of a corporation. The injunction was granted contrary to the provisions of the Code of Civil Procedure. See sec. 194, C. C. P.

When a municipal corporation is authorized to make improvements and a mode of ascertaining and making compensation for private property therefor is provided, that remedy is exclusive. An action for damages for the injury done in taking such property is not maintainable. Abbott's Dig. Law of Corporations, 500, 535, and cases there cited; *Ibidem* 192; *McEntyre* v. *The Western N. C. R. R. Co*, 67 N. C. R 278, and cases there cited and approved; Dillon on Municipal Corporations, sec. 478. See particularly *Jerome* v. *Ross*, Johnson's N. Y. Chancery R., vol. 6, p. 315.

As to the mode of getting the proceedings of municipal corporations before the Courts; see Dillon on Cor., sec. 476; High on Inj., sec. 348.

Nuisances : The jurisdiction to grant relief by injunction against nuisances, whether public or private, is founded on the right to restrain the exercise or erection of that from which *irreparable damage to individuals* or great public injury would ensue. It is exercised with great caution. Drewry on Inj. 238; High on Inj., sections 486 to 489.

Equity will not interfere to prevent a contingent nuisance. Drewry on Inj. 248-9; *Simpson* v. *Justice*, 8 Ire. Eq. 115; *Eason* v. *Jerkins*, 2 Dev. Eq. 38; *Barnes* v. *Calhoun*, 2 Ire. Eq. 199; *Attorney Genaral* v. *Lea*, 3 Ire. Eq. 301; *Ellison* v. *Commissioners of Washington*, 5 Jones Eq. 57.

It is no ground for an injunction against an execution at law that the judgment on which it issued was irregular and void;

for as to that the Court of law could give complete relief. *Emmons* v. *McKesson*, 5 Jones' Eq. 92; *Partin* v. *Lutterloh*, 5 Jones' Eq. 341.

An injunction to stay proceedings at law cannot, except under very special circumstances, be granted before answer unless the defendant is in contempt. Drewry on Inj. 351. *Ib.* 248: Courts of Equity will not ordinarily restrain proceedings of other Courts.

Irregularities of the proceedings by the town authorities:

1. Can be remedied by appeal. See sec. 14 of the act of 1863, cited in the pleadings.

2. The plaintiff in this action did appeal and thereby waived the irregularity of the notice, if there was any. *Little* v. *May*, 3 Hawks. 599; 3 Dev. & Bat. 358; *Taylor* v. *Marcus et al.*, 8 Jones 402; Abbott's Dig. Law of Cor. 187, secs. 70, 71.

3. An injunction will not be granted on account of irregularities. See High on Inj., sec. 782. The irregularities can be remedied by *certiorari* or appeal. Dillon on Cor., secs. 470, 476.

As to the mode of procedure by the town authorities:

The provisions in the Constitution in relation to trial by jury have no relation to cases of this kind. Sedgwick on Stat. and Com. Law, 529 and 549.

The tribunal to determine amount of compensation must be created by positive law. Dillon on Cor., sec. 482.

The power of the Legislature to delegate the right to take private property for public use. Dillon on Cor., sec. 467.

As to the validity of the act of the Legislature cited in the answers of the town authorities:

See *Sapona Iron Company* v. *Holt*, 64 N. C. R. 335; *Brodnax et al.* v· *Groom et al.*, *Com.*, 64 N. C. R. 247; *Neely* v. *Craige and Hall, Executors*, Phil. Law, 187. These cases establish the validity of acts passed during the war.

See an ordinance declaring what laws in force, &c., ratified Oct. 18, 1865. Convention Doc., p. 56, at the latter part of the book.

The town authorities the sole judge of the necessity of making improvements. Dillon on Cor., secs. 465, 466.

Not ordinarily controlled in the exercise of their powers. Dillon on Cor., 58, 59.

As to the kind of compensation. Sedgwick Stat. and Com. Law, 502, 503, 531.

When the injury inflicted is of a character that can properly be met by pecuniary compensation, equity will not interfere. Drewry on Inj., 245.

The want of jurisdiction may be taken advantage of by answer. C. C. P., sec. 98.

*McCorkle & Bailey*, for plaintiff, submitted the following brief:

[Case arising under Private Acts of 1862–'63, ch. 47, p. 47, Adjourned Session.]

I. We submit, first, that the act in so far as the right of eminent domain is concerned is unconstitutional, as it deprives persons of their "freeholds," &c., otherwise than "by the law of the land."

(1.) By providing for a jury partial in its very essence and constitution to one of the parties.

(2.) By ignoring the right of challenge.

(3.) By failing to provide notice of the selection. Dillon on Mun. Corp. sec. 471, at p. 455, also secs. 455, 482.

II. We further submit, that the proceedings were void. It was a law suit in which the plaintiff never "had a day in Court."

(1.) The notice of drawing the jury was for the 26th, and the jury drawn on the 29th.

(2.) No right to draw except as the day designated in the warrant.

(3.) No notice to the plaintiff of the view. Dillon, sec. 471.

III. Though an appeal was taken, the defendants continue their irreparable trespasses.

IV. There was no compensation assessed. We are relieved

from discussing the question as to what effect the Fourteenth Amendment to the Federal Constitution has produced in extending the operation of the fifth amendment, which provides that "private property shall not be taken for public use without just compensation," as the charter contemplates the payment of compensation, and by section 12 the payment is made a *condition precedent* to the acquisition of the property. No damages were assessed upon the idea that general benefit could be taken into consideration, but independent of the circumstance that the charter contains no provision for deduction even in those which do. This Court has held that general benefits enjoyed in common with others cannot be taken into consideration. *Fredle* v. *N. C. R. R. Co.*, 4 Jones, 89. Judge DILLON, in his invaluable treatise, arrives at the same conclusion. Sec. 477.

V. The injury threatened and commenced was in its nature irreparable, amounting to destructive trespass, and injunction is the property remedy to *prevent* the irreparable tort.

The true ground for equitable jurisdiction is not that there is no legal remedy but no *adequate*. As to right to injunction we cite Dillon, sec. 478; *Gower* v. *Philadelphia*, 35 Pa. 231, and especially so where the power of taxation is quite limited, &c. *Keene* v. *Bristol*, 26 Pa. 46.

RODMAN, J. In this action, the plaintiff seeks to recover damages, for a trespass on his land by the defendant and his servants and agents, in extending over the land and through the plaintiff's enclosure, a street of the town of Asheville. As auxiliary to such remedy, and to prevent irreparable damage, he asks for an injunction. The injunction was ordered, and at Transylvania Superior Court the defendants moved to vacate it, which the Judge refused to do, and from that refusal an appeal was taken.

The defendants, in their answer, admit the alleged trespass, but justify by pleading that defendant Rankin was at the time

of the trespass, Mayor of the town of Asheville, and as such, by virtue of an act of Assembly, ratified 11th February, 1863, (Private Acts of 1863, ch. 47,) had power to extend the streets of said town, as therein prescribed, and that he acted in conformity to said power, and in doing so, committed the trespass complained of.

The plaintiff contends:

1. That the act of 1863 was unconstitutional, in that it authorized the taking of private property, without providing any sufficient means for making compensation.

2. That the defendant did not proceed in accordance with that act, but irregularly, and so he became a trespasser.

3. That plaintiff having appealed from the verdict in the proceedings, had under that act, the defendant, in proceeding after such appeal, and during the pendency thereof, became a trespasser.

If I have, in any wise mistaken the points taken by the counsel for the plaintiff, or stated them less clearly or forcibly than he would have done, it is his own fault, inasmuch as he has failed to state them succinctly himself, as it was his right and duty to do.

1. Notwithstanding there is no clause in the Constitution of North Carolina which expressly prohibits private property from being taken for public use without compensation; and although the clause to that effect in the Constitution of the United States applies only to acts by the United States, and not to the government of the State, *State* v. *Newsom*, 5 Ired. 50, yet the principle is so grounded in natural equity, that it has never been denied to be a part of the law of North Carolina. *Davis* v. *Raleigh & Gaston Railroad Co.*, 2 D. & B. 451; *State* v. *Glenn*, 7 Jones, 321; *Cornelius* v. *Glenn*, 7 Jones, 512.

The act of 1863, does provide compensation for one whose property is taken or injured by extending the streets of Asheville. The plaintiff contends, however, that the provision of the act, (sec. 12) that the damages shall be assessed by a jury composed of citizens of the town is unfair and partial, and so

does not secure adequate compensation. No man may be a judge or a juror in an action in which he is interested; but that remote and indirect interest, which every person has in an action, by reason of his residence within a municipality, which is a party to, or interested in the action, has never been held to disqualify him as either. Otherwise a Justice of the Peace, or a Judge living in a town or county, could never hear an action to which the town or county was a party, an objection altogether novel.

The plaintiff also contends, that inasmuch as the jury found no damages to him, they must have acted on the principle of setting off the benefits he would receive from the improvement, against the damages to him, which mode of assessment is erroneous. As the act prescribes no rule for assessing the damages, the fact that the jury assessed them upon a wrong principle, cannot render the act unconstitutional. The plaintiff may have benefit of his proposition, if he is entitled to any, when the damages shall be assessed in the action in which he appealed, and which is still pending. It is unnecessary, therefore, to consider now, what is the rule in such cases.

2. The proceedings were irregular and void, because the sheriff did not proceed with the jury to view the lands and assess the damages on the day named in the notice to plaintiff, but on a subsequent day, of which the plaintiff had no notice.

If this objection had not been waived by the plaintiff's appeal from the assessment of damages, it would have been good. The sheriff had no jurisdiction to enter on the lands until the plaintiff was made a party to the proceedings by service of notice. The neglect to proceed on the day named, without notice of the postponement to the plaintiff, operated as a discontinuance as to him and put him out of Court. He might *perhaps* have regarded all after proceedings as trespasses, being under a warrant which was void as to him for want of notice, or he might have brought up the proceedings to the Superior Court by *recordari*, and had them quashed, and then at least, have brought his action for the trespass. But he appeals, and

thus vacates the assessment during the pendency of the appeal. By voluntarily becoming a party, he waives the irregularity of want of notice, and gives the Appellate Court jurisdiction to hear the case on the merits.

3. Upon this question we were referred to no authority. If the mayor and commissioners were the sole judges of the public use, and of the necessity of the occasion, as according to the authorities, it seems that in general, and in absence of special circumstances, they are, Dillon Mun. Corp. sec. 465, then the appeal took up nothing for review, but the amount of compensation. No want of *bona fides* is suggested in the defendant, nor any special fact to take the case out of the general rule. We think, therefore, that the only question carried up was the amount of compensation, and this being so, there is nothing to forbid the defendants from proceeding with the improvement pending the appeal. The law of this State does not require compensation to be *first* made, as that of some States does. See *McIntyre* v. *Western N. C. R. R. Co.*, 67 N. C. 278.

We think there was error in refusing to vacate the injunction. The judgment is therefore reversed and the injunction vacated. But as the case is only in this Court upon the interlocutory order, it must be remanded, in order that the Superior Court may proceed according to this opinion, which will be certified.

The defendants will recover costs in this Court.

PER CURIAM.	Judgment reversed.