This is a special proceeding, brought by plaintiffs against defendants, to partition certain property under the last will and testament of Julius H. Sharpe, who died on 24 February, 1930. The last will and testament was admitted to probate on 1 March, 1930.
The 4th Item of said will and testament is as follows: "It is my will and desire that all the property, both real and personal, of which I may be seized, shall be appraised by three disinterested men to be chosen by my children, or a majority of them; and said property, after paying the bequest to my wife aforesaid, shall be equally divided between my beloved children, share and share alike; but the shares of Terry D. Sharpe, Gertrude Dawson, Edna Sharpe McLean, and Nellie Sharpe Jobe, shall be charged with the payment of the sum of money hereinafter set out; and my said children are to have and to hold said property in fee simple absolute except as hereinafter provided."
It is alleged by plaintiffs and admitted by defendants "That on or about ...... March, 1930, the children of the said Julius H. Sharpe met at the home of the deceased and appraisers were duly nominated and an election held; that upon counting the ballots cast by said children it was found that David J. White, J. O. McNairy, and R. C. Causey were duly elected as appraisers, having been chosen by a majority of the children of the said Julius H. Sharpe, deceased."
The prayer is as follows: "Wherefore, your petitioners pray that you will appoint David J. White, R. C. Causey, and J. O. McNairy, the appraisers heretofore selected by a majority of the children, to divide the estate, both real and personal, of the testator, between his children, share and share alike, as provided by the last will and testament of the said J. H. Sharpe, deceased, and if an equal division cannot otherwise be made, then to charge the more valuable dividends with such sums of money as they shall think necessary, to be paid to the dividends of inferior value in order to make an equitable partition, as contemplated by the testator in his will, and to report to your court their proceedings *Page 94 
under their hands, or the hands of any two of them, within a reasonable time, not exceeding sixty days after the notification of their appointment."
The defendants in their answer, among other things, set forth that "there were gross mistakes in the valuation of some or all of the tracts described in the petition," etc., and allege, among other things: "That said mistakes and errors are so gross, and it is so apparent that they are the result of the ignorance of the appraisers as to the comparative values of said tracts of land, and/or to their partiality, that they shock the conscience of the court; and were the court to permit the appraisal to stand, it would result in great injustice and hardship to the defendants, and would be unconscionable and inequitable as to them."
The case was transferred to the civil issue docket. Judge Thos. J. Shaw made the following order:
"This cause coming on for a hearing before the Honorable Thomas J. Shaw, judge presiding, at the 4 April, 1932, Term of Guilford County Superior Court, and upon the reading of the pleadings it appearing to the court that the appraisers selected by the children of the testator under the provisions of paragraph four of the will of Julius H. Sharpe, deceased, have not completed the appraisal of the properties referred to in said will, and the plaintiffs having moved for an order directing said appraisers to complete and file their report:
"Now, therefore, it is ordered:
"1. That David J. White, J. O. McNairy, and R. C. Causey, appraisers selected by the children of the said Julius H. Sharpe, deceased, by virtue of the power set out in his last will and testament, be and they are hereby directed to complete the appraisal of all the properties, both real and personal, of the testator, and make a partition of the same among the devisees named in said will, as provided thereby; and if said appraisers do not have the power under the terms of said will to partition the properties among the various devisees, the court hereby appoints the said David J. White, J. O. McNairy, and R. C. Causey commissioners, and directs them to partition the properties, both real and personal, of the testator between the devisees named in the will, as thereby provided, and to such end the said appraisers shall file a report as such setting forth therein the values of the dividends allotted to the devisees in partitioning and setting apart to them the shares in said estate to which they are entitled, according to the terms of the last will and testament of the said J. H. Sharpe. They are further directed to file a report as appraisers and commissioners partitioning among the various devisees the shares to which they are entitled under the terms of said will and allotting to them such dividends, to the end that the properties, both real and personal, of the testator may be equally divided between his children, share and share alike, as provided by his last will and testament. *Page 95 
"2. It is further ordered that the defendant E. P. Sharpe, as executor of J. H. Sharpe, deceased, shall exhibit to the appraisers all notes, mortgages, and other personal property of every kind and nature belonging to said estate, to the end that said appraisers and commissioners heretofore named may appraise and partition said properties and make their reports to the next term of this court.
"And this cause is retained for further directions, and this order is made without prejudice to the rights and all of plaintiffs and defendants."
The defendants excepted to the foregoing order, and, on 28 March, 1935, made the following motion: "For and on account of the matters set out in the answer and amendment thereto, and on account of the death since the partial appraisal was made of one of the appraisers making the same, to wit, J. O. McNairy, and to the end that a new, complete, fair, and impartial appraisal and partition of the property described in the petition be made; the defendants move that the court appoint three new and disinterested appraisers and commissioners to partition the property described in the petition in accordance with the will of J. E. Sharpe and the provisions of law relating to partitions."
The matter came on for hearing on 24 May, 1935, before Judge P. A. McElroy, who made the following order:
"This cause coming on for a hearing before the Hon. P. A. McElroy, judge presiding at the 19 May, 1935, Term of Superior Court, upon the motion of the defendants that the court appoint three appraisers in lieu of the three appraisers named in the order made by the Hon. T. J. Shaw, and entered in this cause at the April Term, 1932, for that one of said appraisers, to wit, J. O. McNairy, is now dead, and the petitioners having come into court and opposed such motion, but having agreed that the court might appoint one disinterested appraiser to serve in the place and stead of J. O. McNairy, deceased, and the defendants having opposed the appointment of only one appraiser and having insisted on their motion:
"Now, therefore, it is ordered that the defendants' motion be and the same is hereby denied, and the surviving appraisers named in the order of Hon. T. J. Shaw, dated 4 April, 1932, to wit, David J. White and R. C. Causey, are ordered to proceed with the performance of the duties imposed upon them and make their report to the court within thirty days from this date."
The defendants except to the foregoing order, and also to the ruling of the court overruling their motion to appoint three new appraisers and commissioners to partition the property described in the petition in accordance with the will of J. H. Sharpe and the provisions of law relating to partitions, and to his ruling that David J. White and R. C. Causey, *Page 96 
survivors of the appraisers and commissioners heretofore appointed to partition said property have the power and authority to complete the partition."
David J. White and R. C. Causey made the report, and at the close of same is the following: "We further state that we have made a diligent effort to make the division in such manner as was contemplated by the last will and testament of the said Julius H. Sharpe." Numerous exceptions were made to the report by defendants.
In the record is the following: "It is agreed between the parties hereto that any questions of fact arising upon this proceeding may be heard and determined by the court without the assistance of a jury."
Judge J. Will Pless, Jr., heard the matter, found the facts, and made his conclusions of law, and rendered judgment thereon. In the finding of fact is the following: "The Hon. Thomas J. Shaw, judge presiding, ordered said appraisers to complete the appraisal of all the properties, both real and personal, of the testator, and make a partition of the same among the devisees named in said will, as provided thereby; that thereafter J. O. McNairy died, and the Hon. P. A. McElroy, judge holding the courts of the Twelfth Judicial District, directed the two remaining appraisers to file their report in obedience to the orders of the Hon. T. J. Shaw. That on 24 July, 1935, the said appraisers filed their report in the office of the clerk of the Superior Court of Guilford County, in which report the real and personal property of the testator, J. H. Sharpe, was appraised and divided among the legatees and devisees mentioned in his will, as therein provided; that the defendants E. P. Sharpe, executor, and E. P. Sharpe, individually, together with W. H. Sharpe and Robert N. Sharpe, filed exceptions to said report on the ground that the appraisers were not disinterested and proper appraisers or commissioners. That said appraisers were wholly disinterested in the estate of said J. H. Sharpe; that they were fair and impartial; that no mistake appears upon the face of their award; that said award, as shown by their report, is fair and just to the legatees and devisees named in the will of the late J. H. Sharpe, and is in full conformity to the provisions of said will requiring an appraisal of the testator's property, both real and personal."
In the judgment is the following: "That the said report of the commissioners, David J. White and R. C. Causey, copy of which is hereto attached, is hereby in all respects confirmed, and it is further ordered that said report and the plat appended be enrolled in the records of this court, and that the same, together with this decree, be certified to the register of deeds for Guilford County and registered in his office, and that said report and this decree shall be binding among and between the said claimants, their heirs and assigns." *Page 97 
In the exceptions and assignments of error made by defendants is the following: "That the court erred in directing the two surviving appraisers (after the death of J. O. McNairy) to proceed with the appraisal and partition, . . . and for the further reasons that the will of J. H. Sharpe required three appraisers and the law requires three commissioners in partition."
Item 4 of the last will and testament of Julius H. Sharpe provides: "That all the property, both real and personal, of which I may be seized, shall be appraised by three disinterested men to be chosen by my children, or a majority of them," etc.
Under the terms of the will the children of Julius H. Sharpe selected David J. White, J. O. McNairy, and R. C. Causey. Before the duties of these appraisers were completed, J. O. McNairy died. Was the appraisal made by David J. White and R. C. Causey legal? We think not. Exceptions were duly made by defendants, in apt time, to the two appraisers acting after the death of J. O. McNairy. The language of the will was that the appraisalshall be "by three disinterested men."
N.C. Code, 1935 (Michie), sec. 637, is as follows: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." Hall v. Artis, 186 N.C. 105; Inre Estate of Wright Wright v. Ball, 200 N.C. 620; Spence v. Granger,207 N.C. 19.
N.C. Code, supra, sec. 3219, is as follows: "The Superior Court shall appoint three disinterested commissioners to divide and apportion such real estate, or so much thereof as the court may deem best, among the several tenants in common, or joint tenants. Provided, in cases where the land to be partitioned lies in more than one county, then the court may appoint such additional commissioners as it may deem necessary from counties where the land lies other than the county where the proceedings are instituted."
We think the court must appoint three disinterested appraisers or commissioners, as set forth in the will of Julius H. Sharpe, or in accordance with the statute. *Page 98 
N.C. Code, supra, sec. 3228, is as follows: "The commissioners, within a reasonable time, not exceeding sixty days after the notification of their appointment, shall make a full and ample report of their proceedings, under the hand of any two of them, specifying therein the manner of executing their trust and describing the land or parcels of land divided, and the share allotted of each tenant in severalty, with the sum or sums charged on the more valuable dividends to be paid to those of inferior value. The report shall be filed in the office of the Superior Court clerk."
Under the statute, two can make the report, but the parties whose rights are to be effected have the right to have three disinterested parties appointed under the will or statute, so that the three can consider the questions involved.
There are other serious matters controverted on the record, but we do not think they are necessary now to be considered.
For the reasons given, the judgment is
Reversed.