A. J. BRADSHAW v. WILLARD WARREN AND WIFE, MARY WARREN.

(Filed 18 October, 1939.)

**1. Courts § 2c—**

Where the clerk of the Superior Court erroneously hears a proceeding over which he does not have jurisdiction, an appeal to the Superior Court confers jurisdiction upon it to hear and determine the whole matter. Michie's N. C. Code, 637.

**2. Pleadings § 23—**

In this processioning proceeding, Michie's N. C. Code, 361-364, the Supreme Court granted a new trial for error of law, and upon the subsequent hearing the trial court allowed petitioner to amend to allege mutual mistake in entering one of the calls in the deeds of the parties. *Held:* The amendment does not substantially change the cause of action, and the ruling of the court upon the petition to be allowed to amend is not reviewable in the absence of abuse of discretion.

APPEAL by defendants from *Armstrong, J.,* at May Term, 1939, of CALDWELL. Appeal dismissed.

This is a processioning proceeding instituted by the petitioner appellee, A. J. Bradshaw, against the defendants Willard Warren and wife, Mary Warren, on 28 July, 1938, under chapter 9, Public Laws of North Carolina, entitled "Boundaries," being sections 361-364 of the Code (Michie), to establish the boundary line between the petitioner and the defendants' adjoining lots in the city of Lenoir, North Carolina, the petitioner claiming ownership of Lot No. 2, and the defendants claiming ownership of Lot No. 1 of Jennings-Dimmette subdivision, of record in Plat Book No. 1, page 47, office of the register of deeds for Caldwell County.

The proceeding was erroneously heard before the clerk of the Superior Court of Caldwell County, the defendants in their answer having denied petitioner's ownership, and from a judgment in favor of the petitioner defendants appealed to the Superior Court.

The proceeding came on for trial in Superior Court of Caldwell County before Warlick, Judge, and a jury, at the January Special Term, 1939, on the original petition and answer filed, and from a verdict and judgment in favor of the defendants, the petitioner appealed to the Supreme Court. At the Spring Term, 1939, the petitioner was awarded a new trial on the ground of insufficient instructions to the jury.

The case being remanded for a new trial, the petitioner, at the May Term, 1939, of Caldwell Superior Court, moved, orally, to amend his petition in several respects and asked leave of the court to file the "Amended Petition" herein set forth, dated 22 May, 1939. From an allowance of this motion and order permitting the amendments the defendants excepted, assigned error, and appealed to the Supreme Court.

*Townsend & Townsend for plaintiff, petitioner.*
*Thos. L. Warren and G. W. Klutz for defendants, respondents.*

PER CURIAM. This case was here before. *Bradshaw v. Warren*, 215 N. C., 442. At page 445 it is said: "The petitioner moved in this Court to be allowed to amend his petition. Such a motion would be made more properly in the court below, to which the case is sent back for a new trial. While such a motion is ordinarily in the discretion of the trial court, that discretion should be liberally used in aid of justice."

The order of the court below, in part, says: "It is ordered, therefore, in the exercise of the court's discretion that the petitioner be permitted to amend his petition," etc.

The 5th allegation in petitioner's "amended petition" reads as follows: "That the call of the line in controversy as noted in the plat to which both the deed of your petitioner and the defendants refer was set as a call 'S. 89½ deg. E. 275 feet to a point in the T. W. Austin line,' and

said call is erroneous, and should have been 'S. 79½ deg. W. 275 feet to a point in the T. W. Austin line'; that said error was committed by the draftsman in setting down the plat of the line constituting the boundary between petitioner and respondents, which error and mistake is a proper subject of correction by the court; petitioner further alleges that it was the intention of all parties, when said line was platted, that same should be a right-angle or 90-degree line, with the call 'S. 79½ deg. W.' instead of 'S. 89½ deg. E.,' and that the erroneous noting of the call as above stated was a mutual mistake and should be corrected by this court."

N. C. Code, 1935 (Michie), sec. 637, is as follows: "Whenever a civil action or special proceeding begun before the clerk of a Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the request of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." *Sharpe v. Sharpe,* 210 N. C., 92 (97).

It is well settled that no amendment will be allowed which substantially changes the cause of action. In the present case the amendment does not substantially change the cause of action and the court below did not exceed its power in allowing the amendment. Allowance or refusal to allow amendment to a pleading cannot be reviewed on appeal, except for an abuse of discretion.

For the reasons given, the appeal is
Dismissed.