A. F. SANDERS AND WIFE, LULA J. SANDERS; JESSE SANDERS, ELBERT SANDERS AND WIFE, McGURTHA SANDERS; AND THE FOLLOWING, A. F. SANDERS, JESSE SANDERS AND ELBERT SANDERS, TRADING AS A. F. SANDERS & SONS, v. THE ATLANTIC COAST LINE RAILROAD COMPANY, A CORPORATION; AND THE TOWN OF SMITHFIELD, A MUNICIPAL CORPORATION.

(Filed 18 October, 1939.)

**1. Pleadings § 17—**

A demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action challenges its sufficiency to state any cause of action, admitting the truth of the facts alleged, and it is not required that the demurrer point out defects and deficiencies more specifically or definitely.

**2. Municipal Corporations § 39—Defendant town held empowered to close street at railroad crossing in the interest of public safety.**

Defendant town, in coöperation with the Federal and State authorities in procuring the construction of an underpass and the elimination of two grade crossings, closed two of its streets at the railroad crossings. This action was instituted by property holders adjacent to the railroad tracks and along one of the closed streets, alleging that the order closing the streets was *ultra vires* and resulted in the creation of a nuisance causing injury to plaintiffs' property. *Held:* Defendant town had authority, under express provision of its charter, chapter 424 of Private Laws of 1907, and under C. S., 2787, to close the said streets at the crossings in the interest of public welfare, and therefore the closing of the streets was in the exercise of a discretionary governmental power with which the courts can interfere only in instances of fraud or oppression constituting a manifest abuse of discretion, and did not constitute a nuisance, and, in the absence of an allegation of abuse of discretion, defendant town's demurrer to the complaint was properly sustained. Whether injury to plaintiffs' property, resulting from the closing of the street by the municipality, constituted a "taking" for which plaintiffs may recover compensation, *quære.*

**3. Pleadings § 18—**

The citation of the law upon which defendant relies as a basis of his demurrer does not constitute the demurrer a speaking demurrer, since such citation is not a statement of fact, and plaintiffs' exception is particularly untenable when the same statute is cited in the amended complaint.

**4. Railroads § 7—**

A railroad company cannot be held liable by the owners of property along a street for its action in closing the street at the public grade crossing pursuant to a valid ordinance enacted by the municipality in the exercise of its governmental powers in the interest of public safety.

APPEAL by plaintiffs from *Parker, J.,* at February Term, 1939, of JOHNSTON. Affirmed.

Civil action to recover damages resulting from the maintenance of a public nuisance allegedly created by the closing of a public street in the town of Smithfield.

The plaintiffs own land on the east side of and adjacent to the right of way of the defendant railroad company, and abutting on Massey Street, which street extends to the main part of the defendant town and is known as Johnson Street from the railroad west. There is a mercantile building and dwellings located on plaintiffs' property. Certain of the plaintiffs, trading as A. F. Sanders & Sons, conduct a mercantile business in the store building.

The defendant town, through its mayor and board of commissioners, adopted a resolution approving the improvement designated by the State Highway and Public Works Commission as Project No. C. O. 270, for the construction of an underpass on East Market Street from Eighth Street crossing the railroad tracks to the city limits. In the resolution the town agreed to furnish the necessary right of way for the construction of said underpass and to close Massey Street and the old Goldsboro road at the respective crossings of the railroad company's track. Pursuant thereto the crossing at Massey Street was closed by the erection of posts and railings on both sides of the right of way of the defendant railroad company.

The plaintiffs, as owners of real estate bordering the defendant railroad's right of way on its east, and some of them as owners of the mercantile business, instituted this action to recover damages alleged to have been suffered by the closing of said grade crossing, alleging that the closing thereof constituted a public nuisance. Each defendant separately demurred to the complaint for the reasons set out in the demurrers, which appear of record. The court below sustained each demurrer and entered judgment accordingly. The plaintiffs excepted and appealed.

*Parker & Lee for plaintiffs, appellants.*

*Ward, Stancil & Ward for defendant Town of Smithfield, appellee.*

*Thomas W. Davis, Abell & Shepard, and Rose & Lyon for defendant Atlantic Coast Line Railroad Company, appellee.*

BARNHILL, J. It may be that, under a liberal interpretation, the original complaint could be construed as an action as against the town to recover compensation for an interest in real property taken by a governmental agency for public use. If so, any doubt in respect thereto is laid at rest by the amendment to the complaint in which it is alleged "that on account of the unlawful, wrongful and joint tortious conduct of the defendants in depriving the plaintiffs of their rights and easements in and to said part of said street as above set out, the defendant, the town of Smithfield, in unlawfully authorizing the closing of said street, and the defendant, the Atlantic Coast Line Railroad Company, pursuant to said unlawful and void ordinance, in closing said street and totally obstructing the same and any traffic thereon in that part of it across the said defendant railroad company's right of way as above set out, said defendants have jointly, tortiously and unlawfully created a public nuisance to the great and particular and special injury of the plaintiffs in this action and thereby injured and practically destroyed the grocery business of the plaintiffs."

This allegation, together with the allegations in the complaint to the effect that the action of the board of aldermen of the town of Smithfield, in adopting the resolution closing Massey Street, was *ultra vires,* makes it clearly appear that the plaintiffs are suing upon the theory of a joint tort committed by the defendants. In their brief the plaintiffs argue to the same effect. It is there stated: "The plaintiffs are calling upon the defendants to respond in damages to their property for their joint tort."

The defendant town's first cause of demurrer is that "the complaint with the amendment to complaint does not state facts sufficient to constitute a cause of action." The plaintiffs challenge this assignment as being too general and indefinite. Their position in this respect cannot be sustained. The defendants' objection to the complaint is not to its form but to its substance. It does not assert that the complaint is a defective statement of a good cause of action, but that it is a statement of a defective cause of action. It admits all the facts set out in the complaint and challenges the sufficiency thereof to constitute any cause of action. This is the grounds for demurrer *ore tenus* and no other defects or deficiencies are required to be pointed out.

Did the town act *ultra vires* in authorizing the underpass and in closing Massey Street at the railroad crossing as a necessary part of the plan

adopted, and did it, by closing the street, become liable in damages for creating a public nuisance?

Local, State and Federal authorities in this day of congested traffic are coöperating to the end that railroad grade crossings may be eliminated as rapidly as possible. The action of the defendant town, in coöperating with the State Highway Commission in procuring the construction of an underpass and the elimination of two grade crossings, was in furtherance of this necessary policy. Its action in so doing was for the public safety and convenience and was in the exercise of a governmental function.

There is statutory authority for its action both under its charter provisions, ch. 424, Private Laws 1907, sec. 34; ch. 219, Private Laws 1911, sec. 25, and in the Public Law; C. S., 2787, subsec. 11. It has power "to . . . close any street or alley that is now or may hereafter be opened . . . as it may deem best for the public welfare of the citizens of the city." There is no allegation in the complaint that the town authorities in exercising this power acted arbitrarily or capriciously or that there was any abuse of discretion in the adoption of the resolution closing Massey Street. In so doing, the town was exercising a discretionary and legislative power as a governmental agency. In such cases the court can interfere only in instances of fraud or oppression constituting a manifest abuse of discretion. *Tate v. Greensboro,* 114 N. C., 410; *Hoyle v. Hickory,* 164 N. C., 79.

Acts done in the proper exercise of governmental powers, and not directly encroaching upon private property, though the consequences may impair its use, are uniformly held not to be a "taking" within the meaning of the constitutional provision. They do not entitled the owner of such property to compensation from the State or its agents, or give him any right of action. This is supported by an immense weight of authority. *Transportation Co. v. Chicago,* 99 U. S., 635; Cooley Const. Lim., 542; *Hoyle v. Hickory, supra.* There is no constitutional provision or statute which limits the right in this State, and, on the contrary, the defendant has full authority for its action under the provisions of its charter and of the public law. *Hoyle v. Hickory, supra,* and cases there cited. Also see *Ham v. Durham,* 205 N. C., 107.

As the defendant town was vested with authority to close Massey Street in the public interest under the statute cited in the amendment to the complaint, as well as under the express provisions of its charter, and there is no allegation of abuse of discretion or arbitrary and capricious action, the defendant town did not create and was not a party to the creation of a public nuisance in closing the street. Merely to call the action of the town authorities *ultra vires* does not make it so.

SANDERS *v.* R. R.

The plaintiffs first challenge the sufficiency of the demurrer of the defendant railroad company for that it is a speaking demurrer in that the demurrer makes reference to the particular section of the code which gives the town authority to close streets. This objection cannot be sustained. The citation of a statute or decision in a demurrer through which the defendant calls to the attention of the court the law upon which it relies is a citation of law and not a statement of facts such as would make the demurrer a speaking demurrer. In no event could these plaintiffs complain in respect thereto for the reason that in their amendment to the complaint they cite the same statute, thus making it appear upon the face of the complaint.

The defendant town had the authority to construct and maintain a public street across the right of way of the defendant railroad company. So long as such street was maintained the defendant railroad company had no right to objection thereto or to prevent members of the public from crossing the tracks over such a street. When, however, the town, under lawful authority, closed the street at the crossing and thus abandoned and affirmatively relinquished its easement, the crossing was no longer a public thoroughfare. It became private property relieved of the easement. It was the duty of the railroad company to abide by and observe the action of the governmental authorities of the town and it had a right to prevent the use of its property by the public at any point other than at a public road or street crossing. In blocking its right of way at the point where Massey Street existed before it was closed, the defendant railroad company was performing the duty it owed to observe the lawful action of the town in closing the street. In so doing, it committed no wrong.

As the complaint fails to state any cause of action it follows, as a matter of course, that there is no misjoinder of parties and causes of action.

A governmental agency may take or appropriate private property for the public use. This power carries the corresponding duty to pay just compensation for the property taken. Whether the action of the town in surrendering its easement in the land of the defendant railroad company at the Massey Street crossing and in closing the street at that point constitutes a "taking" of an interest in the property of plaintiffs, for which it must compensate the plaintiffs, is not here presented or discussed.

The judgment below is

Affirmed.