THOMAS PARK HOWLE v. TWIN STATES EXPRESS, INC., A CORPORATION.

(Filed 25 November, 1953.)

**Appeal and Error § 51a—**

Where the Supreme Court holds on a former appeal that certain matters set up in bar or abatement of plaintiff's cause were insufficient in law to preclude plaintiff from prosecuting the action, and thereafter in the subsequent trial defendant again pleads substantially the same matters by way of estoppel and in bar, the order of the court striking such allegations from the pleadings will be upheld, the former decision being the law of the case.

APPEAL by defendant F. T. Miller, Jr., Trustee in Bankruptcy of Twin States Express, Inc., Bankrupt, from an order of *Sharp, S. J.,* at 3 August, 1953, Civil Term of Superior Court of MECKLENBURG County, granting motion of plaintiff to strike from defendant's answer the First Further Answer and Defense, set up "by way of estoppel and in bar of plaintiff's right to institute or prosecute this action," for that the matters and things therein averred are reiteration of defendant's plea in bar or abatement heretofore filed, which has already been decided and adjudicated on former appeal to Supreme Court in opinion reported in 237 N.C. Reports at page 667.

Defendant appeals to Supreme Court and assigns error.

*Bell, Horn, Bradley & Gebhardt and James P. Mozingo III for plaintiff, appellee.*
*Helms & Mulliss and John D. Hicks for defendant, appellant.*

WINBORNE, J. This case was before this Court on a former appeal by plaintiff from a judgment of the Superior Court of Mecklenburg County granting defendant's plea in abatement and dismissing the action. The opinion of this Court on that appeal is reported in 237 N.C. 667. The factual situation is there set out in detail and need not be repeated here.

This Court there held that the order of the Court of Common Pleas of Florence County, South Carolina, entered 19 May, 1951, under the cir-

cumstances therein shown, as interpreted by this Court, was not intended to have, nor does it have the force and effect of precluding plaintiff from prosecuting the present action in this State, and, hence, the judgment from which that appeal was taken was reversed.

Thereafter, the opinion rendered having been certified to Superior Court of Mecklenburg County, judgment was entered therein in accordance therewith, and defendant was allowed thirty days within which to plead, which he did by answer. And "for a First Further Answer and Defense, by way of estoppel and in bar of plaintiff's right to institute this action," defendant set up the same matters and things as those on which the plea in abatement as aforesaid had been predicated. Plaintiff, by his motion to strike, says that those matters and things are *res judicata.* And, accordant with uniform decisions in this State, this Court agrees.

The record on former appeal shows that in the "plea in bar or abatement" defendant said that "the matters and things hereinbefore set forth are hereby specially pleaded in bar or abatement of any right of the plaintiff herein to institute, prosecute or maintain this action or recover anything herein." And the record on this appeal shows that defendant says in the answer filed "that the aforesaid matters and things are hereby specially pleaded by way of estoppel and in bar of any right of the plaintiff to institute, prosecute or maintain this action or recover anything herein."

The basic "matters and things" specially pleaded, in the one, "in bar or abatement" and, in the other, "by way of estoppel and in bar" are the same, and the purpose and effect are the same. Having had a day in court in respect thereto, defendant is bound by the decision rendered pursuant thereto. Such decision is the law of the case, and may not now be reheard.

But it is pertinent to say that this Court is still of opinion that the proper interpretation and decision were made on the former appeal.

Hence, the judgment from which appeal is taken is

Affirmed.