FRED L. SALE AND JACK WESTALL, TRUSTEES OF THE J. M. WESTALL TRUST, AND MYRTLE SALE, MINNIE W. BOEHM, MARY WESTALL, JACK WESTALL AND ANNIE WESTALL, CESTUIS QUE TRUSTENT, PETITIONERS, v. STATE HIGHWAY AND PUBLIC WORKS COMMISSION, RESPONDENT.

(Filed 28 September, 1955.)

**1. Eminent Domain § 2—**

The principle that when private property is taken for public use by a governmental agency, just compensation must be paid, is so grounded in natural law and justice that it is a fundamental part of the law of this State and is an integral part of the law of the land within the meaning of Art. I, Sec. 17, of the Constitution of N. C., and the due process clause of the Fourteenth Amendment to the Federal Constitution.

**2. Constitutional Law § 20—**

The Fourteenth Amendment to the U. S. Constitution is a limitation of the powers of the State and furnishes a guaranty against any encroachment by the State on the fundamental rights belonging to every citizen.

**3. Same: Eminent Domain § 2: State § 3—**

A constitutional prohibition against taking or damaging private property for public use without just compensation is self-executing, is not susceptible of impairment by legislation, and, in the absence of an adequate constitutional or statutory remedy in a particular factual situation, may be enforced by an action at common law, as an exception to the principle that the sovereign cannot be sued without its consent.

**4. Contracts § 16½—**

Ordinarily, when the act to be performed is necessarily dependent upon the continued existence of specific property, the destruction thereof before the performance of the act, without fault of the promisor, will excuse nonperformance, but where the promisor has the care and custody of the property, the promisor in order to excuse nonperformance, has the burden of showing that the destruction of the property was not his fault.

**5. Eminent Domain § 22—Landowner may sue State Highway Commission to recover consideration for right-of-way easement.**

The petition alleged the execution of an agreement with the State Highway and Public Works Commission under which the Commission acquired an easement over plaintiffs' land by purchase pursuant to G.S. 136-19, and, as consideration therefor, agreed to pay plaintiffs a specified sum and to remove plaintiffs' warehouse from the right of way and reconstruct it on other property of plaintiffs, that while the property was in the custody and control of the Commission, the warehouse was negligently destroyed by fire, and sought recovery of the monetary consideration together with the damages resulting from the fire. *Held:* The action was not against the Commission in contract or in tort, but was to recover the monetary consideration for the right-of-way easement and damages for the failure of the Commission to perform the obligations it contracted to do as a part of the consideration, and demurrer to complaint was properly overruled. *Held further:* The property being in the custody of the Commission, the

---

---

burden is upon it to show that the fire preventing performance by it of its agreement was not due to the negligence or fault of it or its agents.

**6. Same: Eminent Domain § 14: State § 3—**

Where the State Highway and Public Works Commission has failed to pay consideration for a right-of-way easement executed by landowners in accordance with an agreement between them and the Commission, the landowners may bring an action at law in the Superior Court to recover such consideration, and the landowners are not remitted to an action against the State under the provisions of Art. IV, Sec. 9, of the Constitution of N. C., since it affords no adequate remedy, nor, the consideration having been agreed upon, is a special proceeding under G.S. 136-19 and G.S. 40-12 *et seq.*, apposite.

**7. Courts § 4c—**

Where an action within the proper jurisdiction of the Superior Court is begun by a special proceeding before the clerk and is appealed to the Superior Court, the appeal carries the entire proceeding into the Superior Court, and the Superior Court has jurisdiction to hear and determine the whole matter.    G.S. 1-276.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by respondent, State Highway and Public Works Commission, from *Nettles, J.,* April Civil Term 1955 of BUNCOMBE.

This is a special proceeding instituted before the Clerk of the Superior Court of Buncombe County under the authority of G.S. 136-19 and G.S. 40-12 *et seq.* to recover the money consideration of a right-of-way agreement executed and delivered by the petitioners to the State Highway and Public Works Commission granting to the Commission an easement of right-of-way over their lands, for the construction of a bridge over the French Broad River in the relocation of U. S. Highways Nos. 19 and 23 in the city of Asheville, and also to recover damages for failure to perform the work it contracted to do in the removal and reconstruction of certain buildings owned by petitioners on the right-of-way granted, such removal and reconstruction being a part of the consideration for the right-of-way agreement.

A previous case involving the same parties and the same subject matter was before this Court at the Fall Term 1953, and is reported in 238 N.C. 599, 78 S.E. 2d 724.   That case was a special proceeding instituted by the petitioners here by virtue of G.S. 136-19 and G.S. 40-12 *et seq.* before the Clerk of the Superior Court of Buncombe County to recover compensation for the alleged taking of an easement of right-of-way over the property of the petitioners—the same right-of-way involved in the present case—for the construction of the same bridge in the city of Asheville over the French Broad River referred to in this proceeding, and for depreciation and damages to the remaining land of

petitioners. In the trial of the previous case in the Superior Court before a jury, petitioners introduced in evidence the right-of-way agreement here showing that the Commission acquired the easement of a right-of-way from petitioners by purchase pursuant to G.S. 136-19. Petitioners in the right-of-way agreement released the Commission from all claims for damages by reason of said right-of-way across their lands, and of the past and future use thereof by the Commission, its successors and assigns, for all purposes for which the Commission is authorized to subject such right-of-way. In the previous case in the lower court, and here, the Commission contended that the proceeding should be nonsuited, because the Commission had acquired the easement of right-of-way by purchase, not by taking, and the authority of the property owner to bring an action in condemnation under G.S. 136-19 and G.S. 40-11 is predicated upon the inability of the owner and the Commission to agree upon the purchase price of real estate, and further because there is no authority to give any court jurisdiction over an action for failure of the Commission to comply with the terms of a contract made by the Commission.

In the previous case we held that where a petition seeks compensation for the taking of land, and the evidence supports a recovery for failure to pay the money compensation and to perform certain obligations, as set forth in the right-of-way agreement, and that the payment of such money and the performance of such obligations was the consideration for the right-of-way agreement, nonsuit for variance should be allowed. Pursuant to the opinion of the Supreme Court a judgment of nonsuit was entered in the lower court. This proceeding was instituted within one year next following the nonsuit.

The petition, and the amendment thereto, allege in substance the following: On 14 May 1948 petitioners gave the Commission an option to purchase the easement of a right-of-way over their lands, that the Commission exercised such option, and that in July 1948 petitioners executed and delivered to the Commission a right-of-way agreement, pursuant to the option. This is the consideration for the right-of-way agreement:

"The State Highway Commission is to remove at its expense one two-story frame warehouse and such portion of lumber shed as is within the right of way limits of project from the right of way, and pay to the undersigned a consideration of $3,622.50, which amount shall be in full settlement for the above described right of way, 24 x 40' frame garage, and any and all damage to the property due to construction of this project. Buildings on right of way, other than the frame garage, to be reconstructed on property belonging to the trust without prejudice to

occupancy and rights of tenants, under the general contract and at the expense of the State Highway Commission."

The Commission entered into a contract with Bowers Construction Company for the construction of a bridge in Asheville over the French Broad River, and for the removal of buildings belonging to petitioners on the right-of-way easement purchased by the Commission. These provisions appear in that contract:

"1. Buildings or structures shall be prepared for, removed and be placed in their new locations, as shown on the plans or as designated by the engineer, left plumb and level and in as good condition in all respects as they were before moving.

"3. Payment will not be made for this item until an owners' release is secured from the property owner or owners certifying that the work has been performed to the property owners' satisfaction and that the State Highway & Public Works Commission and the contractor are released from all responsibility in connection with this work."

The Bowers Construction Company sublet the removal of petitioners' buildings on the right-of-way to G. E. Crouch. Crouch entered upon the granted right-of-way, tore down the fence surrounding the property, removed the locked gates, and left petitioners' buildings exposed to the hazards of fire. That for long periods Crouch quit work on the removal of the buildings. That he kept no watchman there. That petitioners repeatedly urged the Commission to take steps to protect their buildings from the hazard of fire. While the buildings were in process of removal, but before the removal had been completed, they were completely destroyed by fire on 13 September 1948, and property on adjacent property of the petitioners was damaged or destroyed by the fire. That the removal and reconstruction of the buildings upon the right-of-way was part of the consideration for the right-of-way agreement, and that because of the destruction of these buildings by fire proximately caused by the negligence of the Commission, and its agents, that part of the agreement became impossible of fulfillment, and the petitioners are entitled to be paid the money value of said buildings located as agreed in their contract with the Commission. That the Commission has taken, condemned and appropriated petitioners' property without payment of just compensation. That petitioners and the Commission have been unable to agree as to the amount of compensation and damages.

The petitioners pray that they have and recover from the Commission: 1. The money consideration agreed upon of $3,622.50; 2. $9,489.00 for the loss of the buildings on the right-of-way by fire; 3. $1,251.00 loss and damage to buildings on adjacent property caused by the fire and for the cost of removing debris resulting from the fire.

The Commission demurred to the petition upon three grounds:

One. The petition, and the amendment thereto, do not allege facts constituting a taking of land by the Commission.

Two. The allegations of the petition, and the amendment thereto, are allegations of negligence and of a breach of contract, and there is no authority under the law to sue the Commission on such grounds.

Three. The court has no jurisdiction over a civil action in negligence or breach of contract against the Commission, an unincorporated agency of the State, which can be sued only for such causes and in such manner as authorized by statute.

The Clerk of the Superior Court of Buncombe County entered an order overruling the demurrer. On appeal by the Commission in the Superior Court the Presiding Judge entered a similar order.

Defendant appeals, assigning error.

*Uzzell & Dumont for Petitioners, Appellees.*

*R. Brookes Peters, General Counsel State Highway and Public Works Commission, and McLean, Gudger, Elmore & Martin for Respondent, Appellant.*

PARKER, J. The State Highway & Public Works Commission was authorized by G.S. 136-19 to acquire the easement of a right-of-way over petitioners' lands from them by purchase. The consideration for the right-of-way agreement was the payment of $3,622.50 and the removal at the Commission's expense of one two-story frame warehouse and such portion of a lumber shed as is in the right-of-way limits from the right-of-way, and the buildings on the right-of-way, other than the frame garage, to be reconstructed on property belonging to the trust, under the general contract and at the expense of the Commission. The general contract of the Commission with Bowers Construction Company provided how the buildings should be placed after the removal. In the opinion in *Sale v. Highway Commission*, 238 N.C. 599, 78 S.E. 2d 724, which involved the same parties and the same subject matter here, we said: "The identical contracts offered in evidence in this case by the petitioners were before this Court in *Brown v. Construction Co.*, 236 N.C. 462, 73 S.E. 2d 147. In that case Brown and wife trading as Rock Wool Insulating Company sought to recover damages for the loss by fire of goods stored in the warehouse referred to in this case. This Court held in referring to the contracts that 'the matter of the removal and reconstruction of the buildings is made a part of the consideration to be paid by the State Highway & Public Works Commission.'"

We said in *Sale v. Highway Commission, supra,* that the Commission cannot be sued in contract, nor in tort. We also said in that case, "it

has never been held in this jurisdiction that the State or its agencies can take private property for public use without just compensation, citing authorities."

This Court said in *Eason v. Spence*, 232 N.C. 579, 61 S.E. 2d 717: "Under Article I, Section 17, of the State Constitution, no person can be deprived of his property except by his consent or the law of the land. The law of the land and due process of law are interchangeable terms."

This Court said in *Eller v. Board of Education*, ante, 584, 89 S,E. 2d 144: "When private property is taken for public use, just compensation must be paid. . . . While the principle is not stated in express terms in the North Carolina Constitution, it is regarded as an integral part of the 'law of the land' within the meaning of Art. I, Sec. 17."

This principle is so grounded in natural law and justice that it is part of the fundamental law of the State, *Ivester v. City of Winston-Salem*, 215 N.C. 1, 1 S.E. 2d 88, and imposes upon a governmental agency taking or appropriating private property for public use a correlative duty to make just compensation to the owner of the property appropriated. *Proctor v. Highway Com.*, 230 N.C. 687, 55 S.E. 2d 479; *Sanders v. R. R.*, 216 N.C. 312, 4 S.E. 2d 902.

While practically every state in the Union, North Carolina excepted, contains an express constitutional prohibition against the taking of private property for public use without the payment of just compensation, Jahr, Eminent Domain, Sec. 36, yet North Carolina recognizes this fundamental right to just compensation as founded on natural justice. *Raleigh v. Hatcher*, 220 N.C. 613, 18 S.E. 2d 207; *Shute v. Monroe*, 187 N.C. 676, 683, 123 S.E. 71; *Johnston v. Rankin*, 70 N.C. 550.

The Fourteenth Amendment to the U. S. Constitution provides: "Nor shall any state deprive any person of life, liberty or property, without due process of law." This amendment is a limitation on the powers of the State. *Yarborough v. Park Commission*, 196 N.C. 284, 145 S.E. 563. It adds nothing to the rights of one citizen against another. It simply furnishes a guaranty against any encroachment by the State on the fundamental rights belonging to every citizen. *U. S. v. Cruikshank*, 92 U.S. 542, 23 L. Ed. 588, 592.

A constitutional prohibition against taking or damaging private property for public use without just compensation is self-executing, and neither requires any law for its enforcement, nor is susceptible of impairment by legislation. *People ex rel. Wanless v. Chicago*, 378 Ill. 453, 38 N.E. 2d 743, 138 A.L.R. 1298; *People ex rel. Markgraff v. Rosenfield, Director of Public Works and Buildings*, 383 Ill. 468, 50 N.E. 2d 479; *State Highway Com. v. Mason*, 192 Miss. 576, 6 So. 2d 468; *Parker v. State Highway Com.*, 173 Miss. 213, 162 So. 162; *Virginia Hot*

*Springs Co. v. Lowman,* 126 Va. 424, 101 S.E. 326; *Nelson County v. Loving,* 126 Va. 283, 101 S.E. 406; *Angelle v. State,* 212 La. 1069, 34 So. 2d 321, 2 A.L.R. 2d 666; *Schmutte v. State,* 147 Neb. 193, 22 N.W. 2d 691; *Rose v. State,* 19 Cal. 2d 713, 123 P. 2d 505; *Tomasek v. State,* 196 Or. 120, 248 P. 2d 703; *Milhous v. State Highway Dept.,* 194 S.C. 33, 8 S.E. 2d 852, 128 A.L.R. 1186; 16 C.J.S., Constitutional Law, p. 102.

"When the provisions of a constitution, as does ours, . . . forbids damage to private property, and points out no remedy, and no statute affords one, for the invasion of the right of property thus secured, the provision is self-executing, and the common law, which provides a remedy for every wrong, will furnish the appropriate action for the redress of such grievance." *Swift v. City of Newport News,* 105 Va. 108, 52 S.E. 821, 3 L.R.A. (N.S.) 404.

In *Angelle v. State, supra,* the Court said: "Where private property has been appropriated by the State 'for public purposes' the right of the owner to recover adequate compensation will be entertained by the courts as an exception to the principle that the sovereign cannot be sued without its consent."

This Court said in *Sandlin v. Wilmington,* 185 N.C. 257, 116 S.E. 733: "An action against a municipality for damages to property resulting from the performance of a governmental duty cannot be maintained on the theory of a trespass in the absence of statutory or legislative authority conferring such right of action, but this principle does not apply to an action brought to recover damages for property appropriated without due compensation."

When Article I, Section 17, of the North Carolina Constitution provides that "no person ought to be . . . in any manner deprived of his life, liberty or property, but by the law of the land," and when the fundamental law of this State, based on natural justice and equity, prohibits the taking or acquisition of private property for public use without the payment of just compensation, or its equivalent, and the North Carolina Constitution points out no remedy, and if no statute affords an adequate remedy for the depriving an owner of private property for public use without just compensation, under a particular fact situation, the common law which provides a remedy for every wrong will furnish the appropriate action for the adequate redress of such grievance. *Swift v. Newport News, supra; Roe v. Cook County,* 358 Ill. 568, 193 N.E. 472; *Parker v. State Highway Com., supra; Tremayne v. City of St. Louis,* 320 Mo. 120, 6 S.W. 2d 935; *Tomasek v. State, supra; Angelle v. State, supra;* 16 C.J.S., Constitutional Law, Sec. 49.

In this State when a person has been deprived of his private property for public use nothing short of actual payment, or its equivalent, constitutes just compensation. The entry of a judgment is not sufficient.

*Sanders v. Railroad, supra; Mount Olive v. Cowan,* 235 N.C. 259, 69 S.E. 2d 525; *People ex rel. Wanless v. Chicago, supra;* 29 C.J.S., Eminent Domain, p. 1088.

The courts of the land to preserve the liberty and rights and property of the people, must adhere to the plain stipulations of the fundamental law, and it will be a tragic day in the history of our democratic constitutional form of government, if the courts should ignore the clear mandates of the organic law.

In the obligations assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes the breach. In *Navigation Co. v. Wilcox,* 52 N.C. 481, *Pearson, C. J.,* said for the Court: "One who prevents the performance of a contract, or makes it impossible by his own act, shall not take advantage of the nonperformance."

This Court said in *Steamboat Co. v. Transportation Co.,* 166 N.C. 582, 82 S.E. 956: "Where parties contract with reference to specific property and the obligations assumed clearly contemplate its continued existence, if the property is accidentally lost or destroyed by fire or otherwise, rendering performance impossible, the parties are relieved from further obligations concerning it. . . . Before a party can avail himself of such a position, he is required to show that the property was destroyed, and without fault on his part. For this reason, and further because, by the terms of the present contract, the care and custody of the property was left with plaintiff, if it is established that plaintiff has failed to further perform the executory features of this agreement, the burden would be on plaintiff to show that the steamer was destroyed by fire and that the plaintiff and its agents were in the exercise of proper care at the time." The quoted part of the opinion relates to a counterclaim set up by defendant against plaintiff by reason of failure to perform on its part.

In the absence of an express contract provision, if the act to be performed is necessarily dependent on the continued existence of a specific thing, the destruction thereof before the performance of the act *without the fault of the promisor,* will excuse nonperformance of the contract. *Stagg v. Land Co.,* 171 N.C. 583, 89 S.E. 47; Annos. 12 A.L.R., p. 127 *et seq.;* 74 A.L.R., p. 1290 *et seq.;* 12 Am. Jur., Contracts, p. 944; Williston on Contracts, Rev. Ed., Sec. 1946.

It is our opinion that the obligations assumed by the Commission to remove and reconstruct the buildings on the purchased right-of-way clearly contemplated the continued existence of these buildings. If these buildings were destroyed by fire by reason of the negligence of the Commission, the Commission will be responsible in damages for its negligence. To hold otherwise would permit the Commission to take

advantage of the nonperformance of its contract obligations caused by its negligent act.

In the present case there is no allegation in the petition that petitioners were damaged by the negligent manner in which the work was done. Their allegations in substance are that they have been damaged by the Commission's failure without lawful excuse to perform the work they contracted to do in the removal and reconstruction of the buildings on the right-of-way it purchased from them, its failure being that the nonperformance of the Commission's obligations was due to the destruction by fire of the buildings caused by the negligence of the Commission, or its agents.

The consideration of the contract for the purchase of the right-of-way was a payment of $3,622.50, and the removal and reconstruction of the buildings on the right-of-way by the Commission. The Commission is in the possession of the easement of the right-of-way it purchased from petitioners, and it is in use as an integral part of the public road system of the State.

The Commission contends that no statute permits it to be sued for the facts alleged in the petition and that its demurrer should be sustained; that this is an action upon contract or for tort, and that we have held that it cannot be sued in contract or in tort. We do not agree with this contention. This is an action to recover the money consideration for the right-of-way easement, and for damages for the failure of the Commission to perform the obligations it contracted to do as a part of the right-of-way consideration, its nonperformance being caused by its negligence. On demurrer we take the case as made by the complaint. *Barber v. Wooten,* 234 N.C. 107, 66 S.E. 2d 690. The petitioners can maintain their action. To hold otherwise would be depriving petitioners of their property without just compensation in violation of the fundamental law of this State grounded, as we have said time after time, on natural justice and equity, which "is regarded as an integral part of the 'law of the land' within the meaning of Art. I, Sec. 17," of the North Carolina Constitution, and in violation of the 14th Amendment to the U. S. Constitution.

We said in our former opinion in this case, *Sale v. Highway Commission, supra:* "If the petitioners can allege, and prove their contention . . . that they have been damaged by the respondent's failure without lawful excuse to perform any of the work it contracted to do they can recover such damages in a special proceeding under G.S. 136-19 and G.S. 40-12 *et seq.,* provided the petitioners and respondent are unable to agree as to the amount of such damages, if any." In our opinion, upon additional thought, and in accord with what this Court said in *Steamboat Co. v. Transportation Co., supra,* the above quoted statement of

law should be corrected so as to read: If the petitioners can allege, and prove, they have been damaged by the respondent's failure to perform any of the work it contracted to do as a part of the consideration for the right-of-way agreement, they can recover such damages, unless the respondent, the burden being upon it, can show that the buildings were destroyed by fire, or otherwise, and it, or its agents, were in the exercise of due care. After proof of the execution of the contract and breach by the promisor, the burden is on the promisor to show an excuse for the breach. *U. S. v. Huff,* 165 F. 2d 720, 1 A.L.R. 2d 854; 17 C.J.S., Contracts, p. 1231; Williston on Contracts, Rev. Ed., Sec. 1979. This statement of the law of this case on the former appeal as herein more correctly stated, constitutes the law of the case, is supported by well settled law, and is binding on this appeal. *Cherry v. Andrews,* 231 N.C. 261, 56 S.E. 2d 703; *Howle v. Express, Inc.,* 238 N.C. 676, 78 S.E. 2d 775.

Article IV, Section 9, of the North Carolina Constitution, reads: "The Supreme Court shall have original jurisdiction to hear claims against the State, but its decisions shall be merely recommendatory; no process in the nature of execution shall issue thereon; they shall be reported to the next session of the General Assembly for its action." By the express terms of this constitutional provision the decision of this Court upon a claim against the State, which it shall hear in the exercise of this jurisdiction, is merely recommendatory. *Dredging Co. v. State,* 191 N.C. 243, 131 S.E. 665. Under this constitutional provision this Court cannot enforce its decision. The General Assembly of North Carolina alone has the power to determine whether the decision shall be paid. *Rotan v. State,* 195 N.C. 291, 141 S.E. 733. It is perfectly obvious that Article IV, Section 9, of the North Carolina Constitution, gives no adequate remedy to a person who has been deprived of his private property for public use without adequate compensation by the Highway Commission. To hold that these petitioners must institute their suit here in the North Carolina Supreme Court would violate the rights guaranteed to them by the 14th Amendment to the U. S. Constitution, by Article I, Section 17, of the State Constitution, as construed by this Court, and by the fundamental law of this State, based on natural justice and equity.

Upon a fuller consideration of the petitioners' remedy we have come to the conclusion that the proper procedure is not a special proceeding under G.S. 136-19 and G.S. 40-12 *et seq.,* that no statute of the State gives an adequate remedy, and that the State Constitution points out no adequate remedy. Therefore, in accordance with the principles of law we have stated above, we hold that the common law gives the petitioners a remedy in permitting them to bring an action at law in the

Superior Court, and that it is not necessary for petitioners to allege and prove before institution of action that the petitioners and respondent are unable to agree as to the damages, if any.

Acting under our former opinion petitioners instituted this case as a special proceeding before the Clerk. Upon appeal respondent carried the proceeding into the Superior Court before the judge. Therefore, the Superior Court has jurisdiction to hear and determine the whole matter. G.S. 1-276; *Woody v. Barnett,* 235 N.C. 73, 68 S.E. 2d 810; *Bradshaw v. Warren,* 216 N.C. 354, 4 S.E. 2d 883; *Spence v. Granger,* 207 N.C. 19, 175 S.E. 824. The Superior Court will retain this case for determination as an action at law.

The demurrer was properly overruled.

Affirmed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.