REVEREND JAMES R. WALKER, JR., ASSISTANT PASTOR AND MEMBER OF THE FIRST BAPTIST CHURCH OF ROANOKE RAPIDS, AND AS THE DULY APPOINTED AND ACTING MODERATOR AND PRESIDING OFFICER OF OFFICIAL CHURCH BUSINESS CONFERENCES, PLAINTIFF v. REVEREND McKINLEY NICHOLSON, DEFENDANT.

(Filed 10 October 1962.)

**1. Pleadings § 19—**

If the complaint states a defective cause of action the action should be dismissed upon demurrer, but if the complaint merely fails to allege some of the facts essential to a statement of a good cause of action, the action should not be dismissed but plaintiff should be given opportunity to amend. G.S. 1-131.

**2. Religious Societies § 2—**

A person becomes a pastor of a church pursuant to contract made with the person or body having authority to employ.

**3. Same; Contracts § 14—**

Where a third party interferes with the performance of a contract, either party to the contract may maintain an action against him, but each party's action must be based upon damages accruing to himself by reason of such wrongful interference and he may not predicate his action upon damages accruing to the other party to the contract.

**4. Injunctions § 2—**

Injunction lies to prevent a threatened or imminent injury and it is not appropriate to redress a completed tortious act.

**5. Injunctions § 3—**

Mere averment that defendant will continue his wrongful acts unless

enjoined is but a conclusion of the pleader, and is insufficient to support injunctive relief, it being required that plaintiff allege facts supporting the conclusion of defendant's intention to continue the commission of the wrongful acts and that such acts will result in injury not compensable in money.

**6. Same;    Religious Societies § 2—**

Plaintiff alleged that he is the duly appointed assistant pastor of a named church and that defendant, without any authority, was interfering with plaintiff in the performance of his duties as pastor. Plaintiff alleged facts supporting the conclusion of imminent, irreparable injury to the congregation but not to plaintiff himself, and failed to allege facts supporting the conclusion that defendant intended to continue the wrongful interference with plaintiff's contractual rights. *Held:* The complaint fails to state a cause of action for injunctive relief in favor of plaintiff, but plaintiff should be given opportunity to amend his complaint to allege the essential facts omitted.

**7. Judgments § 13—**

Judgment by default cannot be rendered upon a complaint which fails to state a cause of action.

**8. Pleadings § 6—**

Even when the complaint states a cause of action, the court, in the exercise of its discretion, may refuse to enter judgment by default for want of an answer and may extend the time for filing an answer, and *a fortiori* may do so when the complaint contains a defective statement of a good cause of action. G.S. 1-152.

APPEAL by plaintiff from *Copeland, S.J.,* January 29, 1962 Term of HALIFAX.

A verified complaint was filed 25 October 1961. Thereupon summons issued. The summons, with copy of the complaint, was served on defendant on 30 October 1961. At the December 1961 Term of Halifax plaintiff moved for judgment by default for want of an answer or other pleading. Defendant requested an extension of time to answer. The court, in the exercise of its discretion, refused plaintiff's motion for judgment by default and allowed defendant's motion for an extension of time to plead. Plaintiff excepted.

Thereafter defendant demurred to the complaint for that it failed to state a cause of action. The demurrer was sustained. Judgment was entered dismissing the action. Plaintiff excepted and appealed.

*Robert L. Harrell, Sr., Samuel S. Mitchell, and James R. Walker, Jr., for plaintiff appellant.*
*Crew & House for defendant appellee.*

RODMAN, J.    Determination of the appeal depends on the answers to these questions: Do the allegations establish a defective cause of

action? If so, the court was correct in dismissing the action. *Parrish v. Brantley,* 256 N.C. 541, 124 S.E. 2d 533. Is the complaint defective because of the failure to allege some essential fact? If so, the action should not be dismissed but an opportunity should be given to amend the pleading by alleging the additional essential fact. G.S. 1-131; *Parrish v. Brantley, supra.*

Plaintiff has not complied with G.S. 1-122(2). The complaint is not a "plain and concise statement of the facts constituting a cause of action." It is a mixture of asserted facts and conclusions.

Summarized, the complaint alleges these facts: Plaintiff is assistant pastor of the First Baptist Church of Roanoke Rapids. It is his duty, in the absence of the pastor, to preside at business meetings of that church. He was presiding at such a meeting on Friday, 20 October 1961. Defendant is a resident of Weldon and is pastor of several churches in Northampton and Halifax Counties, but has no connection with the First Baptist Church of Roanoke Rapids. On the night of 20 October 1961 defendant came to the First Baptist Church of Roanoke Rapids, interfered with plaintiff in the performance of his duties as presiding officer and "attempted to preside at said business meeting. . . (and) attempted to 'SILENCE' the plaintiff. . ."

Secs. 5 and 6 of the complaint read as follows:

"5. That the said ministerial interference with the assigned duties of the plaintiff and in the internal affairs of the First Baptist Church by the defendant, destroys the Gospel Order and purposes of the Church and makes it impossible for the Church to discipline rebellious members and also makes it impossible to protect and preserve the law and order of the Church; that said interference by the defendant, if continued, would split the membership of the Church and weaken the influence of the Church in performing its function in the community; that said conditions cause irreparable harm to the Church and will be continued by the defendant unless restrained and enjoyed by this Court.

"6. That the plaintiff seeks an injunction and a restraining order against the defendant, restraining and enjoining the defendant from assuming pastoral authority at the First Baptist Church of Roanoke Rapids, N. C. or the moderatorship or presiding officer at the Church's business meetings or interfering with the rights, duties and privileges of the plaintiff as a member of the Church and as presiding officer of the business meetings of the Church, so long as the defendant is not Pastor of said Church or a member of said Church."

The prayer of the complaint is for injunctive relief restraining "defendant from assuming pastoral authority at the First Baptist Church of Roanoke Rapids, N. C. or the moderatorship or presiding officer at

the Church's business meetings or interfering with the rights, duties and privileges of the plaintiff as a member of the Church and as Presiding Officer of the business meetings of the Church, so long as the defendant is not Pastor of said Church or a member of said Church."

One becomes pastor of a church pursuant to a contract made with the person or body having the authority to employ. *First Presbyterian Church v. Myers,* 5 Okla. 809, 50 Pac. 70, 38 L.R.A. 687; 76 C.J.S. 794; 45 Am. Jur. 740. When a stranger interferes and prevents performance of a contract, either party to the contract may maintain an action against the stranger for the damages sustained by him or it. *Fowler v. Insurance Co.,* 256 N.C. 555, 124 S.E. 2d 520; *Childress v. Abeles,* 240 N.C. 667, 84 S.E. 2d 176; *Elvington v. Shingle Co.,* 191 N.C. 515, 132 S.E. 274; Anno. 26 A.L.R. 2d 1240. The right of action accrues because of the wrong done plaintiff; he cannot maintain an action to redress a wrong done the other party to the contract. G.S. 1-57; *Sanitary District v. Lenoir,* 249 N.C. 96, 105 S.E. 2d 411; *Taylor v. R.R.,* 145 N.C. 400.

It is, we think, apparent from the quoted allegations that plaintiff seeks to redress the asserted wrong done the church. To redress that wrong the church must bring the action. *Collins v. Simms,* 254 N.C. 148, 118 S.E. 2d 402; G.S. 1-69.1.

The complaint, when liberally construed, also alleges a wrongful interference with plaintiff in the performance of his contractual obligation. Plaintiff would be entitled to recover such damages as resulted from such interference, but plaintiff here neither alleges nor seeks damages. He seeks only equitable relief — a restraining order.

The only wrongful act alleged relates to a past occurrence. Injunctive relief is not appropriate to redress a completed tortious act. *Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455.

The concluding clause of sec. 5 of the complaint that the wrongful conduct of the defendant "will be continued by defendant unless restrained and enjoined" is a mere conclusion of the pleader and not a statement of fact. *Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662; *Thomas & Howard Co. v. Insurance Co.,* 241 N.C. 109, 84 S.E. 2d 337. Ordinarily money compensation is sufficient to redress wrongs tortiously inflicted. Equity steps in only when irreparable injury is both real and immediate. *Membership Corp v. Light Co.,* 256 N.C. 56, 122 S.E. 2d 761.

The failure to allege facts evidencing an intent on the part of defendant to continue to interfere with plaintiff's performance of his contract and facts showing that such interference will result in injury not compensable by an award of damages does not warrant a dismissal of his action. He should be given an opportunity to amend his com-

plaint to allege these essential facts. G.S. 1-131; *Lumber Co. v. Pamlico County*, 250 N.C. 681, 110 S.E. 2d 278; *Adams v. College*, 247 N.C. 648, 101 S.E. 2d 809.

A judgment by default cannot be rendered on a complaint which fails to state a cause of action. Even when the complaint states a cause of action, the court, in the exercise of its discretion, may extend defendant's time to plead. G.S. 1-152; *Early v. Eley*, 243 N.C. 695, 91 S.E. 2d 919. The court did not err when it refused to render judgment by default.

The judgment will be modified to conform with this opinion, and as thus modified it is affirmed.

Modified and affirmed.