ELLIS A. SECHREST, TRADING AND DOING BUSINESS AS SECHREST PLYWOOD COMPANY v. FOREST FURNITURE COMPANY, A CORPORATION.

(Filed 7 April, 1965.)

**1. Contracts § 21—**

Nonperformance of a valid contract is a breach thereof and subjects the party failing to perform to liability unless he carries the burden of showing a legal excuse for nonperformance.

**2. Contracts § 20—**

Plaintiff manufactured pursuant to contract certain plywood products to defendant's specifications for use in defendant's manufacturing operations. *Held:* The occurrence of a fire destroying defendant's manufacturing plant so that defendant no longer needed the plywood is no defense to plaintiff's action to recover damages for defendant's refusal to pay the account. The doctrine of frustration applies when the subject matter of the contract is destroyed by fire, occurring without fault, rendering performance impossible.

APPEAL by plaintiff from *McConnell, J.,* October, 1964 Session, IREDELL Superior Court.

This civil action was instituted by the plaintiff to recover from the defendant the sum of $10,267.52 due for plywood drawer bottoms manufactured according to the defendant's specifications. The defendant, without denying the contract, entered, as a further defense, a plea of frustration and sought to escape liability for the payment of the account upon its allegations, in substance: (1) The defendant's manufacturing plant was housed in one building which was completely destroyed by fire on April 25, 1963, necessitating the complete abandonment of all its manufacturing activities; (2) the parties contemplated that the drawer bottoms would be used by the defendant in its manufacturing operations; (3) the fire occurred without fault on the part of the defendant; (4) "That the frustration of purpose hereinabove alleged is pleaded . . . as a ground for rescinding any contract which might have been made between the parties." The plaintiff moved that the defendant's further defense be stricken.

Judge McConnell denied the motion to strike, and then granted defendant's demurrer *ore tenus* based on frustration, and dismissed the action. The plaintiff excepted and appealed.

*Adams & Dearman by C. H. Dearman for plaintiff appellant.*
*McElwee & Hall by W. H. McElwee for defendant appellee.*

HIGGINS, J. The plaintiff alleged a contract, its performance, defendant's breach, and the amount of plaintiff's damage resulting from the breach. The complaint stated a cause of action. The defendant admitted the contract but by way of defense alleged the factory, in which it intended to use the drawer bottoms, burned without its fault; and that the purposes of the contract were frustrated by the fire; and the defendant should be released from performance for that reason.

"In the obligations assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes the breach." *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290. "Nonperformance of a valid contract is a breach thereof . . . unless the person charged shows some valid reason which may excuse the non-performance; and the burden of doing so rests upon him." *Blount-Midyette v. Aeroglide Corp.,* 254 N.C. 484, 119 S.E. 2d 225.

In this case the defendant and the court have misconstrued the applicability of the frustration of purpose doctrine as recognized by this Court. The subject of the contract was the special manufacture of plywood drawer bottoms. They were not burned. The doctrine of frustration would be available to the defendant if it had contracted to sell the factory and it burned before the execution of the deed. In that event the defendant properly could plead frustration in a claim for failure to convey the factory. The doctrine of frustration is clearly stated in *Sale v. Highway Comm., supra:* "Where parties contract with reference to specific property and the obligations assumed clearly contemplate its continued existence, if the property is accidentally lost or destroyed by fire or otherwise, rendering performance impossible, the parties are relieved from further obligations concerning it. . . . Before a party can avail himself of such a position, he is required to show that the property was destroyed, and without fault on his part."

In *Steamboat Co. v. Transportation Co.,* 166 N.C. 582, 82 S.E. 956, the contract involved chartering the steamship for Sunday excursion runs. The destruction of the ship by fire rendered further performance impossible and released the parties from obligations thereafter. In *Sale v. Highway Comm., supra,* the contract to remove the building was rendered impossible of performance when the building burned. In *Blount-Midyette v. Aeroglide Corp., supra,* the elevator was destroyed by fire before repairs were completed.

The plaintiff was in nowise responsible for the fire that destroyed defendant's building. The defendant is bound by its contract. The destruction of its factory does not relieve it of liability for its debts. At the

trial the parties will have opportunity to contest the amount due under the contract.

The defendant's factual allegations are insufficient to support its plea of frustration. The plaintiff's motions to strike should have been allowed. The trial court committed error in sustaining the demurrer *ore tenus.* The judgment in the court below is

Reversed.