McCay v. Morris

HOWARD W. McCAY v. CARLTON P. MORRIS AND BRUCE W. MUMM

No. 7930SC179

(Filed 20 May 1980)

1. **Vendor and Purchaser § 4— contract to convey—title rendered unmarketable by federal court decision—conveyance to third party—breach of contract**

    Where a contract for the sale of land entered on 27 January 1975 provided that the sale was to be closed within 45 days unless there was an objection to the title, in which case the sale was to be closed when objection was removed, defendant seller obtained title through a foreclosure sale, and the title was rendered unmarketable by the decision of *Turner v. Blackburn*, 389 F. Supp. 1250, that a foreclosure proceeding is voidable if notice of the foreclosure was not given to the mortgagor, defendant seller had the choice of either expending the necessary sum to clear the title or waiting for the title to be cleared under G.S. 45-21.45 if an action to set aside the foreclosure was not commenced by 6 June 1976, and defendant breached his contract when he did neither but conveyed the property to a third party.

2. **Contracts § 20.1; Vendor and Purchaser § 4— contract to convey—title thereafter rendered unmarketable—doctrine of frustration not applicable**

    The trial court did not err in failing to charge the jury on the doctrine of frustration in an action to recover for breach of a contract to convey realty in which the evidence showed that defendant seller obtained the property through a foreclosure sale and that the title had been rendered unmarketable by a federal court decision that a foreclosure proceeding is voidable if notice of the foreclosure was not given to the mortgagor, since frustration is such a fundamental change in conditions without the fault of either party after the contract was executed that, if performance were had, it would be a different thing than that for which the parties contracted, defendant could convey a good title to plaintiff as the contract required by expending the necessary sum to clear title or by waiting for the title to be cleared under G.S. 45-21.45, and difficulty of performance did not make the doctrine of frustration applicable.

3. **Vendor and Purchaser § 11— contract to convey—right of buyer to void the contract—no instruction on right of seller to void contract**

    In an action to recover for breach of a contract to convey realty which gave the buyer the right to void the contract if title was not cleared within a reasonable time, defendant seller was not entitled to an instruction that he also had the right to void the contract if he could not have cleared the title within a reasonable time where there was no evidence that defendant attempted to clear title to the realty.

APPEAL by defendant Carlton P. Morris from *Thornburg, Judge.* Judgment entered 5 October 1978 in Superior Court, JACKSON County. Heard in the Court of Appeals 19 October 1979.

This is an action for money damages for breach of contract to convey a parcel of real property. Howard W. McCay and Carlton P. Morris entered into a contract on 27 January 1975 under the terms of which Morris was to convey to McCay a lot in Jackson County for a price of $5,000.00. Among the terms of the contract were the following:

> "Title to be good and marketable, or to be made so at the expense of the seller . . . . This sale is to be closed within 45 days unless attorney of title company discovers objections to the title, in which case sale is to be closed when objections are removed. . . . If title is found objectionable and cannot be cleared within a reasonable time, buyer may demand back his earnest money and declare this contract null and void.

> This agreement constitutes all conditions between parties relative to this sale and no terms not herein contained shall be recognized."

Carlton P. Morris had acquired the real estate through a foreclosure sale. Before the sale of the lot to McCay could be consummated, the United States Court for the Western District of North Carolina held in *Turner v. Blackburn,* 389 F. Supp. 1250 (1975) that a foreclosure proceeding is voidable under the United States Constitution if notice of the foreclosure was not given to the mortgagor. This placed a cloud on the title to the real estate. On 6 June 1975 the General Assembly adopted G.S. 45-21.45 which provided any previous foreclosure sale without notice was good to pass title if an action to set aside the sale had not been commenced by 6 June 1976. On 6 August 1975, Morris advised McCay by letter of his willingness to convey the lot to him subject to the right of the mortgagor to redeem the lot. In the same letter, Morris advised McCay that if he would not take the lot, Morris would sell it to Bruce W. Mumm. McCay refused to accept the parcel of real estate with this cloud on the title, and Morris conveyed it to Mumm. Plaintiff brought this action for money damages. At the end of the evidence, the court dismissed the claim against Mumm. Carlton P. Morris appealed from a judgment against him.

*Rodgers, Cabler and Henson, by J. Edwin Henson, for plaintiff appellee.*

*Holt, Haire and Bridgers, by R. Phillip Haire, for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error is to the failure of the court to grant his motion for a directed verdict. He contends this should have been done because all the evidence showed that time was of the essence of the contract; that both parties intended that the sale be consummated quickly which accounted for the reduced purchase price; that neither of them foresaw the decision in *Turner v. Blackburn, supra,* and when the decision in that case made it impossible to consummate the sale quickly, this voided the contract. The difficulty with this argument is that the terms of the contract are not ambiguous. The contract of sale provides that the sale is to be closed within 45 days unless there is an objection to the title in which case the sale will be closed when the objection is removed. Parol evidence cannot vary these unambiguous terms. *See Development Corp. v. Alderman-250 Corp.,* 30 N.C. App. 598, 228 S.E. 2d 72 (1976). In this case, under the terms of the contract of sale, when *Turner v. Blackburn, supra,* made the property unmarketable, the defendant had the choice of either expending the necessary sum to clear the title or waiting for the title to be cleared by G.S. 45-21.45 and then tendering a deed to plaintiff. He chose not to do either and conveyed the property to a third party. By doing this, he breached his contract. The defendant's first assignment of error is overruled.

[2] Defendant's second assignment of error deals with the court's failure to charge the jury as to the doctrine of frustration. We have found few cases in this jurisdiction involving frustration. *See Sechrest v. Furniture Co.,* 264 N.C. 216, 141 S.E. 2d 292 (1965); *Sale v. Highway Commission,* 242 N.C. 612, 89 S.E. 2d 290 (1955). A note in regard to frustration is found at 84 A.L.R. 2d 70 (1962) et seq. Frustration is not impossibility of performance. In England, it has been said that frustration is such a fundamental change in conditions after the contract was executed, which change occurs without fault of either party, that if performance

were had, it would be a different thing than that for which the parties contracted. The *Restatement of Contracts*, § 288 provides:

> Where the assumed possibility of a desired object or effect to be attained by either party to a contract forms the basis on which both parties enter into it, and this object or effect is or surely will be frustrated, a promisor who is without fault in causing the frustration, and who is harmed thereby, is discharged from the duty of performing his promise unless a contrary intention appears.

In the case sub judice, the defendant was required by the contract to tender a deed sufficient to convey a good title to the plaintiff. There was no evidence this was impossible to perform. If the defendant had delivered such a deed to the plaintiff, it would not be a different thing than that contracted for by the parties nor would the desired thing for which the parties contracted be frustrated. Difficulty of performance does not make the doctrine of frustration applicable. The defendant's second assignment of error is overruled.

[3] By his third assignment of error, the defendant contends the court erred in not instructing the jury that if he could not have cleared the title within a reasonable time that he had the right to void the contract of sale. The contract provided that if the title was not cleared within a reasonable time, the buyer had the right to declare the contract null and void. The defendant, relying on 17A C.J.S. *Contracts* § 399 (1963) and *Distributing Corp. v. Parts, Inc.*, 7 N.C. App. 483, 173 S.E. 2d 41 (1970), contends that if the buyer had this option under the contract, the seller had the same right. We hold the defendant was not entitled to this charge in the case sub judice. There is no evidence the defendant attempted to clear the title to the lot. Indeed the only evidence is that the defendant notified the plaintiff that if he would not take the lot as it was, the defendant would convey it to a third party.

The defendant's last assignment of error is to the failure of the court to charge the jury that an offer by defendant to convey the lot to plaintiff with the encumberance on it was a sufficient tender under the contract. He argues that the mortgagor would have had to pay $7,500.00 to redeem the property, and the plaintiff could not have been damaged by accepting the deed. We hold that the plaintiff had the right under the contract for the defend-

ant to tender to him a deed free from any encumbrances. Anything less than this was not the performance which the contract required.

No error.

Judges ARNOLD and WELLS concur.