RALPH N. BRENNER, JR. v. THE LITTLE RED SCHOOL HOUSE, LIMITED

No. 7918DC1141

(Filed 3 June 1980)

1. **Contracts § 4.1– nonrefundable tuition – failure of child to attend school – no failure of consideration**

   Where plaintiff entered a contract under the terms of which tuition for plaintiff's child to attend defendant's school was payable in advance and not refundable, plaintiff was not entitled to recover tuition paid to defendant on the ground of failure of consideration because plaintiff's former wife would not let the child attend defendant's school after the school year began.

2. **Contracts § 20.1– frustration – impossibility of performance**

   A contract which required plaintiff to pay tuition in advance with no refund in order for defendant to hold a place in defendant's school for plaintiff's child was not subject to rescission because of frustration when plaintiff's former wife would not permit the child to attend defendant's school, since there was no fundamental change in conditions so that if the child had attended the school the object for which the contract was made would not have been attained. Nor was the contract subject to rescission on the ground of impossibility of performance since defendant was able to perform and plaintiff's inability to deliver the child to the school did not constitute impossibility of performance.

3. **Contracts § 6– nonrefundable tuition – contract not unconscionable**

   A contract requiring plaintiff to pay tuition in advance with no refund in order for defendant to prepare and hold a place in its school for plaintiff's child was not unconscionable.

   Judge MARTIN (Harry C.) dissenting.

APPEAL by defendant from *Hatfield, Judge*. Judgment entered 5 October 1979 in District Court, GUILFORD County. Heard in the Court of Appeals 16 May 1980.

This is an action to recover for tuition paid by plaintiff to defendant to enable the plaintiff's child to attend a school operated by the defendant. Plaintiff and defendant entered into a contract which provided in part as follows:

"We understand that the tuition is $1,080 per year, payable in advance of the first day of school, no portion refundable. We also understand that upon your approval we may elect to pay tuition in $100 per month installments with interest according to your published schedule, but that such an election does not in anywise modify the stipulation that tuition is payable in advance."

The plaintiff is divorced, and his former wife has custody of their child. The plaintiff paid the tuition in advance but after the school year had commenced, his former wife refused to allow the child to enroll in the school. The plaintiff alleged that the headmistress of the school promised to return the tuition but then refused to do so.

Plaintiff also alleged that the contract is unenforceable for lack of consideration or for failure of consideration. He alleged further the failure of the defendant to return the consideration was an unfair trade practice under G.S. 75-1.1 and prayed for treble damages.

Both parties moved for summary judgment, and the defendant moved to dismiss under G.S. 1A-1, Rule 12(b) (6). The court granted the plaintiff's motion for summary judgment. Defendant appealed.

*Wyatt, Early, Harris, Wheeler and Hauser, by A. Doyle Early, Jr., for plaintiff appellee.*

*Max D. Ballinger for defendant appellant.*

WEBB, Judge.

[1] We hold the court erred in granting the plaintiff's motion for summary judgment and in not granting the defendant's motion to dismiss pursuant to G.S. 1A-1, Rule 12(b) (6). The complaint shows plaintiff entered into a contract under the terms of which tuition was payable in advance and not refundable. The terms of the contract are not ambiguous and the courts are bound to enforce it as written. *See Loving Co. v.*

*Contractor, Inc.*, 44 N.C. App. 597, 261 S.E. 2d 286 (1980) and *Weyerhaeuser v. Carolina Power and Light Co.*, 257 N.C. 717, 127 S.E. 2d 539 (1962).

[2] The appellee contends the contract should be rescinded because of frustration and impossibility of performance. There was not a fundamental change in conditions so that if the child had attended the school, the object for which the contract had been made would not have been attained. This makes the doctrine of frustration inapplicable. *See McCay v. Morris*, 46 N.C. App. 791, 266 S.E. 2d 5 (1980). Nor do we believe impossibility of performance applies. Impossibility of performance is recognized in this jurisdiction as excusing a party from performing on an executory contract if the subject matter of the contract is destroyed without fault by the party who wishes to be excused from performance. That is not the situation in the case sub judice. The defendant was able to perform. It had saved a place in the school for plaintiff's child. When the plaintiff was unable to deliver the child to the school, this did not constitute impossibility of performance. *See Sechrest v. Furniture Co.*, 264 N.C. 216, 141 S.E. 2d 292 (1965). We believe our holding in the case sub judice is consistent with prior cases in this jurisdiction, *Horner School v. Wescott*, 124 N.C. 518, 32 S.E. 885 (1899) and *Bingham v. Richardson*, 60 N.C. 215 (1864) and the majority of jurisdictions in this country. 69 A.L.R. 714 (1930).

[3] The plaintiff also contends he should be relieved from the terms of the contract because it is unconscionable. There was not a disparity of bargaining power between the parties in this case. The plaintiff could have chosen some other school for his child. He entered into a contract which provided there would not be a refund. This was a reasonable requirement in view of the expense to defendant in preparing for the child and holding a place for him. We hold this provision of the contract is not unconscionable.

The plaintiff argues further that the contract should not be enforced because by requiring the forfeiture of the tuition, it provides for a penalty rather than liquidated damages. The difficulty with this argument is that the defendant is not asking

for damages. It is asking that the contract be enforced as written. We hold that it is not unreasonable for the defendant to require payment in advance with no refund in order for the defendant to prepare and hold a place in the school for plaintiff's child.

The plaintiff's last argument is that the headmistress of the school promised to refund the tuition and the failure to do so is a breach of contract by the defendant. Assuming the headmistress was acting within her authority, this promise is unenforceable as being without consideration.

The plaintiff has entered into a contract which is not ambiguous. He is bound by its terms. The defendant's motion to dismiss should have been allowed. We reverse and remand for a judgment consistent with this opinion.

Reversed and remanded.

Judge WELLS concurs.

Judge MARTIN (Harry C.) dissents.

Judge MARTIN (Harry C.) dissenting:

I must respectfully dissent from the opinion of Judge Webb.

Here, we are concerned with a contract between plaintiff and defendant for the education of plaintiff's son, Russ, in the fourth grade. Plaintiff and his former wife, the mother of Russ, were divorced in January 1973, and she had custody of Russ during the time in question in this lawsuit. Plaintiff contracted for defendant to teach his son as a pupil in its school for the school year 1978-79. Defendant agreed to accept Russ as a pupil in its school and to teach him during the school year. Plaintiff agreed to pay, and did pay, $100 as a confirmation fee to secure Russ a place in the school. Thereafter, he paid the full yearly tuition of $972. Shortly after the school term began, Russ's mother refused to allow him to attend defendant's school, and he did not attend the school that year. Russ had attended defendant's school for the past several years.

Plaintiff alleged he made demand for the return of the money he had paid defendant and that Patsy Ballinger, an officer of defendant and head of defendant's school, promised to refund the sum of $1,072 to plaintiff. This allegation is contained in paragraph 5 of plaintiff's complaint. Defendant moved in its answer to strike this paragraph, and the motion was denied. Defendant thereafter attempted to file an amended answer without leave of court, and it was stricken by the court. Defendant failed to deny the allegations contained in plaintiff's paragraph 5. By so doing, defendant admitted the allegations of plaintiff's paragraph 5. N.C. Gen. Stat. 1A-1, Rule 8(d). No further proof of the allegations was required. *Clary v. Board of Education*, 286 N.C. 525, 212 S.E. 2d 160 (1975); *Hill v. Hill*, 11 N.C. App. 1, 180 S.E. 2d 424, *cert. denied*, 279 N.C. 348, 182 S.E. 2d 580 (1971).

In admitting paragraph 5 of the complaint, defendant concedes the applicability of the doctrine of rescission to plaintiff's claim.

In Black on Rescission and Cancellation, sec. 213, it is stated: "The true rule appears to be that rescission or cancellation may properly be ordered where that which was undertaken to be performed in the future was so essential a part of the bargain that the failure of it must be considered as destroying or vitiating the entire consideration of the contract, or so indispensable a part of what the parties intended that the contract would not have been made with that condition omitted."

*Jenkins v. Myers*, 209 N.C. 312, 318, 183 S.E. 529, 533 (1936).

Judicial decisions and text books on the law of contract are in agreement that where there is a material breach of the contract going to the very heart of the instrument, the other party to the contract may elect to rescind and is not bound to seek relief at law by an award for damages. ... "A breach of such a covenant amounts to a breach of the entire contract; it gives to the injured party the right to sue at law for damages, or courts of equity may grant rescission in such instances if the remedy at law will not be full and adequate."

*Wilson v. Wilson,* 261 N.C. 40, 43, 134 S.E. 2d 240, 242-43 (1964).

While it is true that defendant has not breached the contract, it has been breached and the object of it frustrated or destroyed by the action of plaintiff's former wife in not allowing Russ to attend defendant's school. Plaintiff, being an innocent victim of this action, is entitled to the equitable relief of rescission.

Therefore, on the pleadings alone, plaintiff is entitled to recover, and I vote to so hold in this case. The trial court did not err in failing to allow defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. N.C. Gen. Stat. 1A-1, Rule 12(b)(6).

As has been demonstrated above, plaintiff was entitled to judgment on the pleadings. I also find the trial court properly allowed plaintiff's motion for summary judgment. The doctrine of frustration of the purpose of the contract is applicable to this case. The majority states that there "was not a fundamental change in conditions so that *if the child had attended the school,* the object for which the contract had been made would not have been attained." (Emphasis added.) Obviously this is true, but the fundamental change in conditions was that the child *was not allowed* to attend the school by his mother, *not* the plaintiff. Just as obviously, this did frustrate the objectives the plaintiff and defendant sought to obtain in their contract.

Frustration of the purpose of a contract is not an everyday event in lawsuits. Therefore, it is not inappropriate to set forth some statements as to the law on this subject:

> *Frustration of purpose or object of contract; commercial frustration.*
>
> Changed conditions supervening during the term of a contract sometimes operate as a defense excusing further performance on the ground that there was an implied condition in the contract that such a subsequent development should excuse performance or be a defense, and this kind of

defense has prevailed in some instances even though the subsequent condition that developed was not one rendering performance impossible, some of the cases not referring in any way to impossibility. In such instances, where performance had not become impossible, but achievement of the object or purpose of the contract was frustrated, the defensive doctrine applied has been variously designated as that of "frustration" of the purpose or object of the contract or "commercial frustration." Accordingly, it has been held that an event which substantially frustrates the objects contemplated by the parties when they made the contract excuses nonperformance of the contract. In such a case it is sometimes said that the foundation of the contract is gone.

Although the doctrines of frustration and impossibility are akin, frustration is not a form of impossibility of performance. It more properly relates to the consideration for performance. Under it performance remains possible, but is excused whenever a fortuitous event supervenes to cause a failure of the consideration or a practically total destruction of the expected value of the performance. The doctrine of commercial frustration is based upon the fundamental premise of giving relief in a situation where the parties could not reasonably have protected themselves by the terms of the contract against contingencies which later arose. Whether the doctrine is applicable depends upon the particular circumstances and conditions of each case. It does not apply where the risk of the event that has supervened to cause the alleged frustration was reasonably foreseeable, and could and should have been anticipated by the parties, and provision made therefor in the agreement which it is contended should be supplemented through operation of the doctrine.

Where "frustration" in the legal sense occurs, it does not merely provide one party with a defense in an action by the other; it kills the contract itself and discharges both parties automatically. *Joseph Constantine S.S. Line, Ltd. v. Imperial Smelting Corp.* [1942] AC 154, [1941] 2 All Eng 165 (HL).

Frustration has been defined as the premature deter-
mination of an agreement between parties, lawfully en-
tered into and in course of operation at the time of its
premature determination, owing to the occurrence of an
intervening event or change of circumstances so fun-
damental as to be regarded by the law both as striking at
the root of the agreement and as entirely beyond what was
contemplated by the parties when they entered into the
contract. *Cricklewood Property & Invest. Trust, Ltd. v.
Leighton's Invest. Trust, Ltd.* [1945] AC 221, 228, [1945] 1 All
Eng 252 (HL).

17 Am. Jur. 2d Contracts § 401 and nn. 15 & 16 at 848 (1964).

The doctrine of frustration of purpose excuses a prom-
isor in certain situations where the objectives of the con-
tract have been utterly defeated by circumstances arising
after the formation of the agreement, and excuse is allowed
under this rule even though there is no impediment to
actual performance. *Hess v. Dumouchel Paper Co.*, 154
Conn. 343, 225 A.2d 797.

17 Am. Jur. 2d Contracts § 401, p. 847, n. 11 (1979 Supp.).

*Frustration of the Object or Effect of the Contract.*

Where the assumed possibility of a desired object or
effect to be attained by either party to a contract forms the
basis on which both parties enter into it, and this object or
effect is or surely will be frustrated, a promisor who is
without fault in causing the frustration, and who is harmed
thereby, is discharged from the duty of performing his
promise unless a contrary intention appears.

*Comment:*

a. It is not enough in order to make the rule stated in
the Section applicable, that one party to the contract has in
view a specific object or effect without which he would not
enter into the contract, and that the other party knows

this. The object or effect to be gained must be so completely the basis of the contract that, as both parties know, without it the contract would have little meaning. The rule stated in the Section is applicable, however, though literal performance is still possible, and though that performance would be as beneficial to one of the parties as if the expected object of the contract were not frustrated.

Restatement of Contracts § 288 and comment a at 427 (1932).

A somewhat useful test of the availability of the defense of frustration has been suggested based upon the injunctive practice obtaining in courts of equity — "a good method of testing each defense based on [frustration] is to consider whether, if law and equity were administered, as of old, in wholly separate courts, a chancellor, by reason of what happened, would have enjoined as unjust the enforcement of a judgment secured at law under the letter of the contract."

The doctrine of frustration has been applied by the courts under a variety of circumstances since the decision of the coronation cases, on the ground that the facts involve a failure of consideration despite the possibility of literal performance.

. . . .

"The relatively modern doctrine of commercial frustration in the law of contracts is similar to the doctrine of impossibility of performance in that both require extreme hardship in order to excuse the promisor. Commercial frustration is different in that it assumes the possibility of literal performance but excuses performance because supervening events have essentially destroyed the purpose for which the contract was made."

The doctrine of frustration has been firmly and definitely qualified in the more significant decisions by interjection and reiteration of the requirement that, to be

effective in discharging liability under a contract on the ground of frustration of purpose, the frustration must be substantially complete.

18 Williston on Contracts § 1954 (3d ed. 1978).

The doctrine of frustration, which is of relatively recent growth, excuses performance of a contract, in a proper case, where the purpose of the contract, or of the parties thereto, is frustrated by a supervening event, not readily foreseeable, without fault of the parties.

. . . .

The doctrine provides, generally, that where the existence of a specific thing or condition is, either by the terms of the contract or in the contemplation of the parties, necessary for performance of a promise in the contract, the duty to perform the promise is discharged if the thing or condition is no longer in existence at the time for performance; the doctrine holds that under the implied condition of the continuance of the subject matter of the contract, the contract is dissolved when the subject matter is no longer available. Performance remains possible, but is excused whenever an event not due to the fault of either party supervenes to cause a failure of consideration or destruction of the expected value of performance.

. . . .

Frustration is no defense if the frustrating event was reasonably foreseeable, or if it was controllable by the promisor, . . . .

A party cannot rest a claim of frustration on a condition which he was responsible for creating; so, to establish the defense of frustration, it must appear that the party asserting it has not been instrumental in bringing about the intervening event, either by positive action or by acquiescence.

17A C.J.S. Contracts § 463 (2) (1963).

The North Carolina Supreme Court has recognized the doctrine of frustration as a part of the law of this state. In *Sechrest v. Furniture Co.*, 264 N.C. 216, 217, 141 S.E. 2d 292, 294 (1965), the Court held:

> The doctrine of frustration is clearly stated in *Sale v. Highway Comm., supra* [242 N.C. 612, 89 S.E. 2d 290 (1955)]: "Where parties contract with reference to specific property and the obligations assumed clearly contemplate its continued existence, if the property is accidentally lost or destroyed by fire or otherwise, rendering performance impossible, the parties are relieved from further obligations concerning it. . . . Before a party can avail himself of such a position, he is required to show that the property was destroyed, and without fault on his part."

I find the purposes of the contract between plaintiff and defendant were frustrated by the act of a third party, Russ's mother, who prevented him from attending defendant's school and thus terminated the contract. The purpose of the contract was to educate Russ by teaching him in defendant's school. Because of the acts of Russ's mother, this purpose was completely frustrated. The parties, particularly the plaintiff, could not have reasonably anticipated that Russ's mother would not let him attend the school. He had so attended for several years before 1978-79. Mrs. Patsy Ballinger's affidavit contains hearsay statements made by plaintiff's former wife after school had started. She (Russ's mother) said she was not allowing Russ to attend school so that she could convince the court (in a pending case between her and plaintiff) that she needed a new car to transport Russ to school. These statements were incompetent on the summary judgment hearing, N.C. Gen. Stat. 1A-1, Rule 56(e); *Page v. Sloan*, 281 N.C. 697, 190 S.E. 2d 189 (1972), but in any event, they refer to developments that occurred after plaintiff entered into the contract with defendant. Therefore, they would not demonstrate that plaintiff at the time the contract was made should have foreseen that Russ's mother would not let Russ attend the school. Reasonable foreseeability of a frus-

trating occurrence must be determined by facts and circumstances existing at the time the contract was made, not by subsequent events. Plaintiff was in no way at fault in the frustration of the contract. He had no control over where the child attended school. Based on the past attendance of Russ at defendant's school and the actions of his mother in allowing him to attend there, however, plaintiff could have reasonably assumed that she would permit him to attend for the school year 1978-79, and he had a reasonable basis for entering into the contract with defendant.

Defendant is not left without a remedy. It can sue Sheila Brenner Kellam, Russ's mother, for interfering with an advantageous contractual opportunity of defendant. *Walker v. Nicholson,* 257 N.C. 744, 127 S.E. 2d 564 (1962); *Overall Corp. v. Linen Supply, Inc.,* 8 N.C. App. 528, 174 S.E.2d 659 (1970). "When a stranger interferes and prevents performance of a contract, either party to the contract may maintain an action against the stranger for the damages sustained by him or it." *Walker v. Nicholson, supra* at 747, 127 S.E. 2d at 566. *See Keeble v. Hickeringill,* 11 East 574, 103 Eng. Rep. 1127 (K.B. 1809).

The $100 "confirmation fee" paid by plaintiff to defendant was to hold a place for plaintiff's son in defendant's school, and this duty was performed by defendant. Therefore, plaintiff is not entitled to recover the $100 from defendant. Otherwise, the plaintiff is entitled to judgment on the pleadings and summary judgment for damages in the sum of $972. *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971).