**BROMHAL v. STOTT**

[119 N.C. App. 428 (1995)]

LAURA LEIGH BOONE (STOTT) BROMHAL v. E. GREGORY STOTT

No. COA94-1110

(Filed 5 July 1995)

**Execution and Enforcement of Judgments § 34 (NCI4th)— transfer from clerk to district court judge—exemptions— jurisdiction of district court**

When a matter relating to a judgment debtor's exemptions is transferred, pursuant to N.C.G.S. § 1C-1603(e)(7), from the clerk to the district court, the district court must be given the same general authority granted to a superior court pursuant to N.C.G.S. § 1-276 to hear and determine all matters in controversy in such action, including the authority to order the sale of a judgment debtor's exempt property having excess value.

**Am Jur 2d, Judgments §§ 582, 595, 1015.**

Appeal by defendant from orders entered 3 March 1994 and 5 May 1994 in Wake County District Court by Judge William A. Christian. Heard in the Court of Appeals 7 June 1995.

*Brady, Schilawski, Earls and Ingram, by Michael F. Schilawski, for plaintiff-appellee.*

*Jack P. Gulley for defendant-appellant.*

GREENE, Judge.

E. Gregory Stott (defendant) appeals from several orders of the trial court which (1) directed the sale of defendant's real property; (2) denied defendant's Rule 59 and Rule 60 motions; (3) restrained defendant and third parties from making certain property transfers; and (4) required defendant and third parties to "identify and describe any and all properties owned by Defendant which are held by third parties for his benefit."

The record shows that the parties were married, separated, whereupon they entered a separation agreement, and subsequently divorced. Laura Leigh Boone (Stott) Bromhal (plaintiff) sued defendant, alleging his failure to comply with certain terms of the separation agreement and obtained a judgment in the amount of $62,550.49 for child support deficiencies and attorney fees. On 14 April 1993, defendant filed a motion to claim exempt property pursuant to N.C.

Gen. Stat. § 1C-1603, requesting that his real property, and certain personal property, be designated as exempt property. The clerk of superior court allowed defendant's motion, by order entered 15 April 1993. Plaintiff subsequently filed a motion to set aside the clerk's order. By order entered 3 November 1993, the district court denied plaintiff's motion with respect to defendant's personal property, but granted her request with respect to defendant's real property, stating that because there was a dispute as to the fair market value of defendant's real property, the final ruling concerning the exempt status of defendant's real property would be held open pending the results of an appraisal of defendant's real property.

Thereafter, by order entered 3 March 1994, the district court found as fact that defendant is entitled to a $10,000 exemption in his real property, but determined that there is excess value in defendant's exempt property. The court then ordered, pursuant to N.C. Gen. Stat. § 1C-1603(e)(10), that defendant's real property be sold and the proceeds be applied to satisfy plaintiff's judgment. On 8 March 1994, defendant requested "a new hearing and/or an amendment to the court's" 3 March order, alleging that the district court was without statutory authority to order the sale. On 5 May 1994, the district court denied defendant's motion for a new hearing or amendment to the court's order. The court also, on 5 May 1994, entered an order which enjoined certain named third parties "from transferring, disposing of or otherwise interfering with the properties of the Defendant-judgment debtor not exempt from execution," specifically referring to certain retirement funds established by and for defendant. On that same day, the trial court ordered that certain third parties appear at a hearing on 3 June 1994 "to identify and describe properties that have been or are currently held for and owned by Defendant" or that an authorized representative of those entities complete "Interrogatories and Requests for Production of Documents" attached to the order.

---

The issue is whether a district court judge has the authority to enter an order directing the sale of a judgment debtor's real property under N.C. Gen. Stat. § 1C-1603(e)(10).

North Carolina General Statutes Section 1C-1603 provides the procedure by which a judgment debtor may have his property exempt from a judgment creditor's execution of a judgment against the debtor. The statute permits the judgment debtor to file a motion with the clerk of the superior court to "designate his exemptions with a schedule of assets." N.C.G.S. § 1C-1603(e)(1) (1991). If the judgment

creditor objects to the schedule filed by the judgment debtor "the clerk must place the motion for hearing by the district court judge." N.C.G.S. § 1C-1603(e)(7). The district court judge is then required to "enter an order designating exempt property." N.C.G.S. § 1C-1603(e)(9). If this order "indicates excess value in exempt property, *the clerk*, in an execution, may order the sale of property having excess value and appropriate distribution of the proceeds." N.C.G.S. § 1C-1603(e)(10) (emphasis added).

The defendant argues that the specific language of Section 1603(e)(10) authorizes only the clerk of the superior court to order a sale of property and therefore the order of sale in this case entered by the district court judge is void. We disagree. When a matter is transferred from the clerk to the superior court, N.C.G.S. § 1-273 (1983) (clerk to transfer when "issues of law and of fact, or of fact only, are raised before the clerk"), the superior court has "jurisdiction . . . to proceed to hear and determine all matters in controversy in such action, unless it appears . . . that justice would be more cheaply and speedily administered by sending the action back [to the] clerk." N.C.G.S. § 1-276 (1983). Although no specific statute grants a district court similar authority, when a matter relating to exemptions is transferred, pursuant to Section 1C-1603(e)(7), from the clerk to the district court, the district court must be given the same general authority granted to a superior court pursuant to Section 1-276. To construe this statute otherwise would be extremely inefficient and thus absurd. *See Commissioner of Ins. v. Automobile Rate Office*, 294 N.C. 60, 68, 241 S.E.2d 324, 329 (1978) (courts should avoid construction that has absurd or bizarre consequences). Therefore, once the issue of exemptions is properly before the district court that court has jurisdiction to order the sale of exempt property having excess value, unless it would be more efficient to remand this issue to the clerk. In this case, there is nothing to suggest that it would be more efficient to return this issue to the clerk. Accordingly, the trial court had the authority to order the sale of defendant's real property. For the same reasons, the trial court correctly denied defendant's Rule 59 and Rule 60 motions.

Defendant also argues that the trial court did not have jurisdiction over the third parties which its order restrained from transferring defendant's property and required to attend a hearing. These third parties, however, are not a party to this appeal and nothing in the record indicates that these third parties have complained about the trial court's order. Defendant's appeal from the trial court's order

seeks to relieve third parties from the order of the trial court and is not adequate to do so. *See Walker v. Nicholson,* 257 N.C. 744, 747, 127 S.E.2d 564, 566 (1962) (action must be maintained by person who is injured).

Affirmed.

Judges JOHNSON and EAGLES concur.