HALIFAX REGIONAL MEDICAL CENTER, INC., PLAINTIFF
v.
DARRELL JAMES BROWN, M.D., DEFENDANT AND THIRD-PARTY PLAINTIFF
v.
SMITH CHURCH OBSTETRICS & GYNECOLOGY, P.C. AND RICHARD MINIELLY, M.D., THIRD-PARTY DEFENDANTS

No. COA12-1480

Filed 18 June 2013

**1. Contracts—breach—not excused from performance**

The trial court did not err in a breach of contract case by granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment. Defendant was not excused from performing under the agreement with plaintiff, where the decision of defendant's employer to terminate defendant's employment had no bearing on defendant's obligation to perform under his agreement with plaintiff.

**2. Contracts—breach—motion to dismiss—motion to remove**

The trial court did not err in a breach of contract case by granting third-party defendant's motions to dismiss and remove. Defendant's argument that defendant failed to argue its motion to dismiss in the trial court was not supported by the record. Furthermore, plaintiff's argument that there was a joint venture between plaintiff and third-party defendant failed.

Appeal by defendant from orders entered 29 August 2012 by Judge John E. Nobles, Jr. in Duplin County Superior Court. Heard in the Court of Appeals 25 April 2013.

*Joshua F. P. Long of WOODS ROGERS PLC, attorney for plaintiff.*

*E.C. Thompson, III, of THOMPSON & THOMPSON, P.C., attorney for defendant and third-party plaintiff.*

*Geoffrey P. Davis and Gilbert W. Chichester of CHICHESTER LAW OFFICE, attorneys for third-party defendants.*

ELMORE, Judge.

Dr. Darrell James Brown (defendant) appeals from 1) an order entered 29 August 2012 granting summary judgment in favor of Halifax Regional Medical Center, Inc. (plaintiff) and denying his motion for summary judgment and 2) an order entered 29 August 2012 granting a motion to dismiss and motion to remove in favor of Smith Church Obstetrics & Gynecology, P.C. and Dr. Richard Minielly. After careful consideration, we affirm.

## I. Background

Defendant is a medical doctor who specializes in the field of obstetrics and gynecology. In 2007, defendant and plaintiff entered into a Practitioner Incentive Agreement (the agreement) whereby plaintiff agreed to pay defendant an income subsidy of $195,804.10 and a relocation loan of $20,000.00, and defendant agreed to establish an OB/GYN practice in Roanoke Rapids. Under the terms of the agreement, to avoid repayment of the total money paid by plaintiff, defendant was required to maintain his practice for a period of one year beginning 18 June 2007. Then, according to the agreement, for each month defendant maintained his practice following this one year "subsidy period," plaintiff agreed to forgive a portion of the money owed each month for 24 months, at which

**HALIFAX REG'L MED. CTR., INC. v. BROWN**

[228 N.C. App. 43 (2013)]

time defendant's indebtedness would be fully forgiven. Thus, in simple terms, to avoid repaying plaintiff for any of the money, defendant was required to maintain his practice from 18 June 2007 until 18 June 2010.

Defendant sought to fulfill his obligations under the agreement by establishing his practice with Smith Church Obstetrics & Gynecology, P.C., which was owned by Dr. Richard Minielly (collectively, Smith Church). On 5 February 2007, defendant and Smith Church entered into an employment contract (the contract) whereby defendant would be employed by Smith Church and paid a sum of $250,000.00 per year, renewable automatically each year unless either party gave 90 days notice of termination. Defendant maintained his practice with Smith Church until 3 June 2009, at which time Smith Church terminated defendant's employment. Defendant then accepted a position in Duplin County, thus ceasing his practice in Roanoke Rapids effective on 19 June 2009.

As a result, plaintiff sent defendant a demand letter, seeking "prompt repayment" of "$107,902.05, plus interest at the rate of 4.25% from June, 19, 2009, until paid." Defendant did not pay, and on 4 August 2010 plaintiff filed suit for breach of contract. In his answer filed 12 October 2010, defendant denied any obligation to repay the money owed under the agreement. He alleged that he entered into the agreement with plaintiff under the belief that there "were unmet demands for obstetrical/gynecological practice" in Roanoke Rapids, but that after the agreement was executed plaintiff further recruited another OB/GYN to practice in the area, which "oversupplied the community with obstetrical/gynecological services and consequently, resulted in a much less demand" for his services. Defendant further alleged that "[d]ue to the oversupply of ob/gyn positions in the community" he was "virtually unable to start a practice of his own" following his termination from Smith Church and therefore, he was forced to "look for employment elsewhere" which resulted in his employment "with University Health Systems in Duplin County[.]"

Defendant also filed a third-party claim against Smith Church for breach of contract and for interfering with his agreement with plaintiff. In the third-party claim, defendant alleged that Smith Church breached the employment contract by terminating defendant without notice and thereby interfered with his ability to comply with his agreement with plaintiff.

On 15 November 2010, Smith Church filed a motion to dismiss and motion to remove. Then on 30 August 2011, plaintiff filed a motion for summary judgment. Defendant also filed a motion for summary judgment against plaintiff. On 29 August 2012, the trial court entered an order granting plaintiff's motion for summary judgment and denying defendant's

motion for summary judgment. The trial court also ordered defendant to pay plaintiff $107,902.05 plus interest at a rate of 4.25% from 19 June 2009, until paid. That same day, the trial court also entered an order granting Smith Church's motion to dismiss the pending third-party claim. The trial court further granted Smith Church's motion to remove, to the effect that any further claims between Smith Church and defendant be sought according to the venue requirements of their contract. Defendant now appeals.

## II.  Analysis

### A.  Summary judgment

Defendant first argues that the trial court erred in granting plaintiff's motion for summary judgment and that summary judgment should have been granted in his favor. Defendant's primary argument is that he was excused from performing under the agreement with plaintiff, because plaintiff and Smith Church had a joint venture and Smith Church terminated defendant's employment. We disagree.

"Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 523-24, 649 S.E.2d 382, 385 (2007)).

Our Supreme Court has held that "[n]onperformance of a valid contract is a breach thereof . . . unless the person charged shows some valid reason which may excuse the non-performance; and the burden of doing so rests upon him." *Sechrest v. Forest Furniture Co.*, 264 N.C. 216, 217, 141 S.E.2d 292, 294 (1965) (citation omitted). Here, it is not in dispute that defendant failed to fully perform his duties under the agreement in order to avoid repaying plaintiff. Defendant was required to maintain his practice in Roanoke Rapids until June 2010, but in June 2009 he began practicing in Duplin County. However, defendant argues that the actions of Smith Church, namely their termination of his employment with them, excused him from performing under the agreement because Smith Church and plaintiff were in a joint venture.

The crux of defendant's argument rests on two rules. The first is that a party who prevents performance of an agreement by the other party may not take advantage of the nonperformance. *See Mullen v. Sawyer*, 277 N.C. 623, 633, 178 S.E.2d 425, 431 (1971) ("[O]ne who prevents the performance of a condition, or makes it impossible by his own act, will

not be permitted to take advantage of the nonperformance."). The second is that "[e]ach member of a joint adventure is both an agent for his coadventurer and a principal for himself[,]" *Pike v. Wachovia Bank & Trust Co.*, 274 N.C. 1, 8, 161 S.E.2d 453, 460 (1968), and therefore responsible for the other's actions. Thus, what we must decide then is whether plaintiff and Smith Church were engaged in a joint venture.

A joint venture is "an alliance between two or more people in pursuit of a common purpose such that negligence of one participant may be imputed to another." *Slaughter v. Slaughter*, 93 N.C. App. 717, 720, 379 S.E.2d 98, 100 (1989) (quotations and citation omitted). A joint venture exists when two or more parties join together to:

> carry out a single business adventure for joint profit, for which purpose they combine their efforts, property, money, skill, and knowledge[.]. . . Facts showing the joining of funds, property, or labor, in a common purpose to attain a result for the benefit of the parties in which each has a right in some measure to direct the conduct of the other through a necessary fiduciary relation, will justify a finding that a joint adventure exists.

*Pike*, 274 N.C. App. at 8-9, 161 S.E.2d at 460 (quotations and citations omitted).

Here, the record does not support defendant's assertion that a joint venture existed between plaintiff and Smith Church. First, by its basic definition, a joint venture is a plan carried out *for profit*. None of plaintiff's business is conducted for profit. In its complaint, plaintiff alleged that it was a "non-profit corporation" and in his answer, defendant admitted that allegation. Further, the terms of the agreement make it clear that defendant was not recruited to establish a practice in Roanoke Rapids for any money-making reasons, but rather, to remedy a "lack of qualified physicians specializing in obstetrics/gynecology in the Community[.]"

Second, as plaintiff correctly argues in its brief, it had no right to direct or control the conduct of Smith Church. For a joint venture to exist, one party must have "the legal right to control the conduct of the other with respect to the prosecution of the common purpose." *Slaughter*, 93 N.C. App. at 721, 379 S.E.2d at 101 (citation omitted). Here, the agreement between plaintiff and defendant makes no mention or even reference to Smith Church, and defendant was not required to establish his practice with them. Further, we can find nothing in the record which establishes any fiduciary relationship between plaintiff and Smith Church.

In sum, we conclude that plaintiff and Smith Church were not engaged in a joint venture. Therefore, the decision of Smith Church to terminate defendant's employment had no bearing on defendant's obligation to perform under his agreement with plaintiff.

## B. Motions to dismiss and remove

[2] Next, defendant argues that the trial court erred in granting Smith Church's motion to dismiss and motion to remove. We disagree.

With regards to the motion to dismiss, defendant argues that the trial court erred in granting the motion because Smith Church never argued the motion. We conclude that defendant's argument is not supported by the record.

According to its pleading, Smith Church based its motion to dismiss on the fact that "Defendant Darrell James, M.D. executed a contract (Brown's Exhibit A) wherein he agreed in paragraph 12 that in the event '. . . of a disagreement with respect to any matter whatsoever arising under this contract, the dispute shall be referred to an arbitration committee whose decision shall be binding on each of the parties hereto without further action or recourse.' " Turning to the transcript, it is clear that Smith Church made this same argument at the hearing. Counsel for Smith Church argued that "paragraph 12 . . . clearly and unambiguously states that if there's a disagreement between these two parties, Smith Church and Dr. Brown, that's to be resolved by arbitration." Thus, defendant's argument fails.

With regards to the motion to remove, defendant argues that since there was a joint venture between plaintiff and Smith Church, plaintiff acted for Smith Church in choosing Duplin County as the proper forum and therefore Smith Church's motion to remove should have been dismissed. As we have already discussed, plaintiff and Smith Church were not engaged in a joint venture, therefore defendant's argument again fails.

## III.  Conclusion

In sum, we conclude that the trial court did not err in granting summary judgment in favor of plaintiff or in granting Smith Church's motions to dismiss and remove. Accordingly, we affirm both orders.

Affirmed.

Judges GEER and DILLON concur.